James E. ROSS and J. Douglas Sutter, Appellants,

v.

ARKWRIGHT MUTUAL INSURANCE COMPANY Formerly Named Arkwright–Boston Manufacturers Mutual Insurance Co., Mutual Marine Office, Inc., Brice Leon, Felix Salgado, Jr., Gonzalo Sosa, Charles R. Lipcon, Stevens F. Mafrige, Ronald Kormanik, Mafrige & Kormanik, P.C., Thomas N. Thurlow, Thomas A. Brown, G. Byron Sims, and Brown, Sims, Wise & White, P.C., Appellees.

No. B14–91–00485–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 8, 1994.

Rehearing Overruled Feb. 23, 1995.

Newton B. Schwartz, Donald H. Cahilly, Joel Randal Sprott, Daniel O. Goforth, Carlene Rhodes Lewis, Houston, for appellants.

Andrew S. Hanen, William J. Boyce, Steven A. Leyh, Charles L. Cotton, Houston, for appellees.

Before MURPHY, CANNON and PAUL PRESSLER, JJ.

### OPINION ON REMAND

CANNON, Justice.

This is an appeal from summary judgments granted in favor of appellees. Appellants bring a single point of error alleging the trial court erred in granting the summary judgments in favor of appellees. On original submission, we found that not all of the appellees had addressed all of the causes of action pled by appellants. *Ross v. Arkwright Mut. Ins. Co.*, 834 S.W.2d 385, 389 (Tex.App.—Houston [14th Dist.] 1992), *rev'd,* 866 S.W.2d 590 (Tex.1993). Therefore, we held that because all issues had not been expressly presented to the trial court, there was no final judgment and we dismissed the appeal for want of jurisdiction. *Id.* at 394.

The Texas Supreme Court granted appellees' writ of error. The supreme court held that "if a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal." *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993). The court went on to state that if the judgment grants more relief than requested, i.e., if the judgment disposes of issues that were never

presented to the trial court, the proper course of action is to reverse and remand those issues to the trial court, but address the claims that were presented. *Id.* The court held that dismissal for want of jurisdiction is improper. *Id.* As to the judgments in this case, the court held that the trial court's use of the "plaintiff take nothing" language clearly evidenced the trial court's intent to dispose of all claims. *Id.* Thus, the supreme court held that we erred in dismissing the appeal for want of jurisdiction and reversed and remanded the case back to us for appropriate action. *Id.* We now hold, pursuant to the supreme court's decision, that we have jurisdiction over this appeal.[1] The judgment of the trial court is affirmed in part and reversed and remanded in part.

When this case was remanded by the supreme court back to this court, appellants filed a motion to remand the suit to the trial court for a trial "on all claims not specifically addressed by Defendants/Appellees in their motions for summary judgment." Appellees filed responses to this motion. We did not rule on the motion at the time it was filed and instead determined that it should be carried with the case. Our disposition of this appeal will in turn, dispose of the motion filed by appellants.

In our original opinion, we first had to ascertain which of appellants' pleadings were live when appellees' filed their motions for summary judgment. *Ross,* 834 S.W.2d at 388. We determined that the live pleadings were Ross' second amended original petition and Sutter's original petition in intervention.[2] *Id.* That holding, undisturbed by the supreme court's opinion, is correct. Based on these pleadings, appellants alleged malicious

prosecution, slander, libel, civil conspiracy, and negligence against all of the appellees. *Id.* Appellees filed separate motions for summary judgment in response. *Id.* Some of the appellees filed one motion as to both Ross and Sutter, while others filed separate motions as to each. *Id.* In all, there were eight motions for summary judgment filed by appellees. *Id.*

Arkwright Mutual Insurance Company, Mutual Marine Office, Inc., Brice Leon, and Felix Salgado, Jr. (the Arkwright group)[3] filed two motions for summary judgment: one against Ross, and one against Sutter. *Id.* Each motion contains the same grounds as to each appellant. The motions filed by the Arkwright group only address appellants' claim of malicious prosecution. *Id.* The motions did not address appellants' allegations of libel, slander, civil conspiracy, and negligence. *Id.* Therefore, the summary judgments in favor of the Arkwright group as to these four causes of action are reversed and remanded to the trial court for further action. *See Mafrige,* 866 S.W.2d at 592.

Appellee Thomas Thurlow also filed separate motions for summary judgment as to each appellant. *Ross,* 834 S.W.2d at 389. In his motions, Thurlow failed to address appellants' claims for libel, slander, conspiracy and negligence. Originally, we found that Thurlow had addressed the conspiracy claim. *Id.* Upon reexamination of his motion for summary judgment, we find that while Thurlow recognized that appellants pled conspiracy, that was all he did. He did not, as the Brown group, Lipcon, and the Mafrige group did, make any argument or provide any summary judgment proof to negate the conspiracy claim.[4] Further, appellants alleged there

---

1. We still fail to see how a trial court can enter a final judgment on issues that were never before it. How can a trial court dispose of or even purport to dispose of issues it never saw or heard? Even more disturbing, how can an appellate court accept jurisdiction when a judgment that is "purportedly" final, is clearly not final in that it has not, in reality, disposed of all issues and parties? However, we realize that we are bound by the dictates of the Texas Supreme Court and will review this case accordingly.

2. Sutter's original petition in intervention simply adopts the claims asserted by Ross in his second

amended original petition. *Ross,* 834 S.W.2d at 388.

3. Mutual Marine Office, Inc., Brice Leon, and Felix Salgado, Jr. are all associated with Arkwright. According to the record, Brice Leon and Felix Salgado, Jr. are claim managers for Arkwright. Mutual Marine Office, Inc. is the marine manager for Arkwright.

4. The appellees who did address the conspiracy claim argued that because they had negated malicious prosecution and defamation, the two torts underlying appellants' conspiracy claim, they

was a conspiracy as to malicious prosecution and defamation. Thurlow only addressed malicious prosecution in his motion; he did not address libel or slander. Thus, Thurlow certainly did not address conspiracy as it relates to the claim for defamation. Thus, the trial court's summary judgments in favor of Thurlow on libel, slander, conspiracy, and negligence are reversed and remanded. *See Mafrige*, 866 S.W.2d at 592.

Thomas A. Brown, G. Byron Sims and their firm, Sims, Wise & White, P.C. (the Brown group) also filed two motions for summary judgment: one as to Ross, and the other as to Sutter. *Id.* These motions addressed every allegation pled by appellants except negligence. Therefore, the trial court's summary judgment in favor of the Brown group is reversed and remanded as to the negligence claim. *See Mafrige*, 866 S.W.2d at 592. Charles Lipcon filed a single motion for summary judgment applicable to both appellants. *Ross*, 834 S.W.2d at 389. The motion for summary judgment, like those filed by the Brown group, also addressed every cause of action alleged by appellants except negligence. *Id.* Thus, the judgment will be reversed and remanded as to that cause of action. *See Mafrige*, 866 S.W.2d at 592.

Stevens F. Mafrige, Ronald Kormanik, and their firm, Mafrige & Kormanik, P.C. (the Mafrige group), were the only appellees to respond to every cause of action pled by appellants. Thus, there is nothing to reverse and remand to the trial court under the supreme court's holding in *Mafrige*.

We note here that the appellees on original appeal and in response to appellants' motion to reverse and remand argued that they did address all of the claims asserted by appellants. The main argument asserted by appellees is that appellants stated nothing more than a claim for malicious prosecution and that the other claims are simply fractured out of that one cause of action. *Ross*, 834 S.W.2d at 389. While this argument may in fact be true, appellees never raised this contention in their motions for summary judgment. *Id.* Therefore, it may not be raised for the first time on appeal. *Id.* (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675 (Tex.1979) and TEX.R.CIV.P. 166a(c)).

The other arguments propounded by appellees on this issue are directed toward appellants' allegation of negligence. Every appellee except the Mafrige group failed to address the negligence claim. *Ross*, 834 S.W.2d at 389. These arguments will be addressed later in this opinion.

The causes of action that were not addressed by the Arkwright group, the Brown group, Thurlow, and Lipcon are reversed and remanded to the trial court. *See Mafrige*, 866 S.W.2d at 592. The claims that were addressed by these appellees will be reviewed under the appropriate summary judgment standard. Because the Mafrige group addressed all of the allegations made by appellants, there is nothing to reverse and remand insofar as "unaddressed" claims are concerned. We will now undertake a review of the summary judgments granted in favor of appellees as to the causes of action that were addressed in the individual motions for summary judgment.[5]

| APPELLEE | CAUSES OF ACTION |
| --- | --- |
| Brown group | Addressed malicious prosecution, libel, slander, and conspiracy; did not address negligence. |
| Thurlow | Addressed malicious prosecution; did not address libel, slander, conspiracy, or negligence. |
| Lipcon | Addressed malicious prosecution, libel, slander, and conspiracy; did not address negligence. |
| Mafrige group | Addressed malicious prosecution, libel, slander, conspiracy, and negligence. |

were entitled to judgment as a matter of law as to civil conspiracy as well. Thurlow did not make this argument. The only thing Thurlow said about the conspiracy claim in his motion was that appellants pled it. This does not "address" the claim.

5. For ease of reference we include the following table showing which appellees addressed which causes of action:

| APPELLEE | CAUSES OF ACTION |
| --- | --- |
| Arkwright group | Addressed malicious prosecution; did not address libel, slander, conspiracy, or negligence. |

Though appellants bring only one point of error alleging that the trial court erred in granting summary judgment in favor of the appellees, they make several arguments under that point. Appellants first argue that the trial court's summary judgment orders failed to dispose of all of their claims. This contention has been addressed above. The trial court's summary judgment orders contained language purporting to make the judgments final, therefore, they are final for purposes of appeal. *Mafrige*, 866 S.W.2d at 592. The issues not addressed by appellees are reversed and remanded as stated earlier in this opinion.

Appellants next claim the trial court abused its discretion "in denying appellants' motions for continuance of consideration of the appellees' motions for summary judgment." Two motions for continuance were filed in this case. The first was filed August 24, 1990, by Ross. The second motion was filed by Ross and Sutter on February 12, 1991.

On April 1, 1991, the same day the trial court granted some of the motions for summary judgment, it denied appellants' motions for continuance. Appellants complain that the denial of the motions for continuance was an abuse of discretion. They argue that the fact that the trial court postponed ruling on their motion to compel discovery and motions for continuance until after ruling on some of the motions for summary judgment prejudiced their case.

Rule 166a(f) of the Texas Rules of Civil Procedure allows a trial court to refuse the application for judgment or to order a continuance to permit discovery if it appears from the affidavits of a party opposing the motions that he cannot, for reasons stated in such affidavits, present by affidavit facts essential to justify his opposition. Tex.R.Civ.P. 166a(f); *Draper v. Garcia*, 793 S.W.2d 296, 301 (Tex.App.—Houston [14th Dist.] 1990, no writ). The request for a continuance pursuant to rule 166a(c) is a matter well within the trial court's discretion. *Draper*, 793 S.W.2d at 301; *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 612 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The court's ruling will not be disturbed on appeal unless a clear abuse of discretion is shown. *Id.*

No abuse of discretion is shown in the record before us. This suit was filed by Ross on March 16, 1990. Sutter intervened, adopting *in toto* Ross' pleadings, on January 11, 1991. The motions for summary judgment were filed as follows:

1. The Brown group filed its motion as to Ross on June 11, 1990.

2. The Arkwright group filed its motion as to Ross on July 31, 1990.

3. Thurlow filed his motion against Ross on February 6, 1991.

4. Thurlow filed his motion against Sutter on March 7, 1991.

5. Lipcon filed his motion against Ross and Sutter on March 8, 1991.

6. The Mafrige group filed its motion against Ross and Sutter on March 28, 1991.

7. The Arkwright group filed its motion against Sutter on April 10, 1991.

8. The Brown group filed its motion against Sutter on April 10, 1991.

While the motions were individually filed, they were very similar in content. The trial court granted the motions for summary judgment after Ross' original petition had been on file for over a year. Thus, there had been ample time for discovery in this case. *See Draper*, 793 S.W.2d at 301. Further, it was not as if appellants were completely unfamiliar with this litigation. When the trial court granted the first motion for summary judgment on April 1, 1991, Ross and Sutter had been aware of the allegations involved in the malpractice suit for almost seven years. Ross did not even begin propounding discovery to appellees until the last week of November, 1990, over eight months after the suit had been filed. Lastly, in the February 12th motion, appellants argued they could not adequately reply to appellees' motions for summary judgment unless they were given time and the authority to complete discovery. This general allegation fails to show that the evidence sought is material. *See Manges*, 596 S.W.2d at 612–13. We hold the trial court did not abuse its discretion by

failing to grant appellants' motions for continuance.

Appellants' next argument concerns an issue disposed of in our previous opinion. Appellants' complain that the trial court abused its discretion and erroneously struck Ross' Third Amended Original Petition and Sutter's First Amended Original Petition in Intervention. On April 19, 1991, appellants filed amended pleadings that added causes of action for conspiracy to commit tortious interference with a business contract and tortious interference with a business contract. *Ross*, 834 S.W.2d at 388. With the exception of these new allegations, the newly filed pleadings were identical to those previously filed. *Id.* On April 29, 1991, the Brown group filed a motion to strike the new pleadings. *Id.* This motion was granted by the trial court. *Id.* Appellants present several arguments contending that the trial court erred in granting the motion to strike; however, these arguments were never presented to the trial court after the court granted the motion to strike. *Id.* Therefore, appellants have waived any argument concerning the trial court's ruling. *Id.* (citing TEX.R.APP.P. 52(a)).

Now we come to the crux of this appeal. Appellants contend the trial court erred in granting summary judgment for the appellees because appellees failed to prove they were entitled to judgment as a matter of law. We note again that we review this contention only as it relates to those issues actually addressed by appellees in their motions for summary judgment. *See* n. 5.

The facts of this case were stated in our original opinion; however, for convenience, they will be repeated here. In 1980, Gonzalo Sosa, a seaman on a ship known as the M/V Lago Izabal suffered injuries as a result of an on board explosion. *Ross*, 834 S.W.2d at 387. Sosa sued the owner of the ship, Tracey Navigation, and the M/V Lago Izabal in federal court for the injuries he sustained. *Id.* Tracey Navigation was represented by the firm of Ross, Griggs & Harrison. *Id.* Ross, a partner in the firm, and Sutter, an associate, handled the suit. *Id.* Sosa was represented by Stevens F. Mafrige and Ronald Kormanik of Mafrige & Kormanik, P.C.

*Id.* Following a bench trial, Sosa was awarded approximately twenty-five million dollars ($25,000,000). *Id.* On appeal, the Fifth Circuit affirmed in part and reversed and remanded in part. *Id.* On November 9, 1984, the federal district court entered judgment for Sosa for approximately thirteen million dollars ($13,000,000). *Id.* (citing *Sosa v. M/V LAGO IZABAL*, 736 F.2d 1028 (5th Cir. 1984)).

After Sosa's personal injury suit concluded, Tracey Navigation and its excess insurance carrier, Arkwright Manufacturers Mutual Insurance Company (Arkwright) brought separate legal malpractice actions against Ross, Sutter, and Ross, Griggs & Harrison in federal court. *Id.* The suit concerned the attorneys' handling of the Sosa case. *Id.* F.E. Billings represented Tracey Navigation in the malpractice action, and Thomas A. Brown and G. Byron Sims of the firm of Brown, Sims, Wise & White, P.C. (the Brown group), represented Arkwright. *Id.*

Eventually, Sosa, through his attorneys, settled his claims with Tracey Navigation and Arkwright for five million dollars ($5,000,000). *Id.* As part of the settlement, Tracey Navigation and Arkwright assigned a portion of their legal malpractice action against Ross, Sutter, and Ross, Griggs & Harrison to Sosa. *Id.* In the legal malpractice suit, Charles R. Lipcon and the Mafrige group represented Sosa, Thomas N. Thurlow represented Tracey Navigation, and the Brown group continued its representation of Arkwright. *Id.*

On August 13, 1989, the federal district court called the malpractice suit for trial. *Id.* At that time, Tracey Navigation, Arkwright, and Sosa advised the court that a settlement had been reached with Ross, Griggs & Harrison for $250,000. *Id.* The plaintiffs also announced that they were dismissing their claims against Sutter. *Id.* Following a trial to the court, the federal district court entered a take-nothing judgment in favor of Ross. *Id.* In September, Ross and Sutter filed motions for sanctions under FED.R.CIV.P. 11 against Arkwright, Sosa, Lipcon, and the Mafrige group. The motions alleged that the legal malpractice suit against Ross and Sutter was groundless and brought in bad faith. *Id.* The trial

court denied the motions and Ross and Sutter appealed the denial to the Fifth Circuit. *Id.* The Fifth Circuit dismissed the appeal for want of jurisdiction because the insurance claims were still pending and thus, there was no final judgment from which an appeal could be prosecuted. *Id.*

On March 16, 1990, Ross filed this suit in Texas state court against the appellees alleging malicious prosecution, libel, slander, civil conspiracy, and negligence. Sutter filed a petition in intervention on January 11, 1991, adopting the claims made by Ross. The trial court granted summary judgment in favor of all of the appellees. Appellants Ross and Sutter appeal.[6]

■ To prevail on a motion for summary judgment, a defendant need only disprove, as a matter of law, one element of the plaintiff's cause of action. *Southwest Indus. Import v. Borneo Sumatra Trading Co.,* 666 S.W.2d 625, 627 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Or, if the movant alleges an affirmative defense, it must be proved as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Once a movant establishes that no genuine issue of material fact exists regarding an essential element of the plaintiff's claim, the non-movant must present competent summary judgment proof raising a fact issue on that element. *Garza v. Levin,* 769 S.W.2d 644, 654 (Tex.App.—Corpus Christi 1989, writ denied).

■ On review, a summary judgment is not entitled to the same deference given to a judgment following a trial on the merits of the case. *Montgomery,* 669 S.W.2d at 310–11. When reviewing a trial court's order granting summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment; rather, it must indulge every reasonable inference that can be drawn from the evidence in favor of the non-movant. *E.g., Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The issue on appeal is whether the movant has proved it is entitled to judg-

ment as a matter of law, not whether the non-movant raised a material fact issue precluding summary judgment. *E.g., Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828–29 (Tex.1970); *see* Tex.R.Civ.P. 166a(c). The movant must show there is no genuine issue of material fact in order to show it is entitled to judgment as a matter of law. *Nixon,* 690 S.W.2d at 548–49; *Montgomery,* 669 S.W.2d at 310–11. If the movant fails to meet its burden, the appellate court must reverse and remand the action to the trial court for further proceedings. *Gibbs,* 450 S.W.2d at 828–29. Lastly, when the order granting summary judgment does not specify the particular ground or grounds being sustained, the appellate court must uphold the judgment on any ground that it finds valid. *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

## MALICIOUS PROSECUTION

In their pleadings, appellants alleged malicious prosecution against all of the appellees based on the prior legal malpractice action brought by Tracey Navigation and Arkwright. The malpractice action was based on appellants' alleged mishandling of the Sosa personal injury case. Every appellee responded to this allegation in their motion for summary judgment. The Arkwright group, Thurlow, the Brown group, Lipcon, and the Mafrige group all alleged they were entitled to judgment as a matter of law because: (1) they had negated an essential element of appellants' claim, namely, interference with person or property sufficient to constitute damages under Texas malicious prosecution law; and (2) collateral estoppel, based on the federal trial court's order denying appellants' motion for sanctions under Fed.R.Civ.P. 11, barred this claim. In addition to these common grounds, certain appellees alleged other grounds to defeat appellants' malicious prosecution claim.

■ A plaintiff who seeks to recover for malicious prosecution must prove that: (1) a suit was previously filed; (2) the mali-

---

**6.** We note here, as we did in our original opinion that although Sosa was named as a defendant in appellants' suit, he was subsequently non-suited and is therefore not part of this appeal. *Ross,* 834 S.W.2d at 388 n. 1.

cious prosecution defendant caused the prior suit to be filed; (3) the prior filing was motivated by malice; (4) no probable cause existed for filing the prior suit; and (6) **damages resulted.** *Oak Crest Civic Club v. Lowe,* 678 S.W.2d 93, 94 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd). (emphasis added) The damages must stem from an interference with the plaintiff's person or property. *A.G. Serv., Inc. v. Peat, Marwick, Mitchell & Co.,* 757 S.W.2d 503, 506 (Tex. App.—Houston [1st Dist.] 1988, writ denied). This damage element is often referred to as "special injury." *See id.* Texas law requires special injury for malicious prosecution, that is, actual interference with the person (such as an arrest or detention) or property (such as an attachment, an appointment of receiver, a writ of replevin, or an injunction) of the party alleging the claim. *St. Cyr v. St. Cyr,* 767 S.W.2d 258, 259 (Tex.App.—Beaumont 1989, writ denied) (citing *Moiel v. Sandlin,* 571 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1978, no writ), and *Martin v. Trevino,* 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.)). A plaintiff may not recover for malicious prosecution of a civil suit unless he suffered interference with his person or property. *Id.* That means that a plaintiff cannot recover for malicious prosecution unless there was actual physical detention of his person or actual seizure of his property by some legal process. *Sharif–Munir–Davidson Dev. Corp. v. Bell,* 788 S.W.2d 427, 430 (Tex.App.—Dallas 1990, writ denied).

■■■ Texas has adhered to this requirement for over one hundred years. *See Pye v. Cardwell,* 110 Tex. 572, 222 S.W. 153 (1920); *Salado College v. Davis,* 47 Tex. 131 (1877). The purpose of the special injury requirement is obvious: "to assure every potential litigant free and open access to the judicial system without fear of a counter suit for malicious prosecution." *Martin,* 578 S.W.2d at 767. In 1877, it was recognized that the special injury element of a malicious prosecution claim was necessary and reasonable:

> In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of

costs is, in contemplation of law, full compensation for the unjust vexation. (*Cotterell v. Jones,* 73 Eng.Com.L. 727.)
> In such cases, the defendant recovers his costs "but no allowance is made for his time, indirect loss, annoyance, or counsel fees." (Dedg. on Dam. 38.) Every defendant against who an action is "unnecessarily" brought, experiences some injury or inconvenience beyond what the costs will compensate him for. This injury or inconvenience results from a resort to the legally constituted tribunals; and **it seems to be the policy of the law to content itself with meting out something less than our ideas of natural justice would demand, rather than to increase the risks attending and discouraging such a resort, and at the same time add to the difficulties and intricacies of ordinary litigation.**

*Salado College,* 47 Tex. at 135–36. (emphasis added)

Ross' seconded amended petition, which was fully adopted by Sutter, alleged the following damages:

> As a result in whole or in part of the wrongful acts of defendants as herein alleged, a majority of the members of the firm decided they no longer desired to have plaintiff participate as a practicing lawyer in the firm except upon a basis which was both degrading and unethical. This resulted in his loss of employment, loss of personal and business relationships, loss of intangible financial interest in the firm, and substantial other losses to business relationships. Plaintiff incurred liability for defense costs in excess of $300,000.00, and devoted at least that amount again in value of his own time to the defense of this wrongful litigation.

Appellees allege they were entitled to summary judgment on this claim because they negated the special injury element of malicious prosecution, i.e., they proved as a matter of law that there was no interference with the person or property of either Ross or Sutter. We agree.

The summary judgment proof establishes as a matter of law that appellants were never detained or arrested and that their property was never seized by legal process. Appellees

attached affidavits stating that they did not seize or attempt to seize either Ross, Sutter, or their property. Appellants complain that appellees' affidavits are defective.

██ Appellants first allege that the affidavits of Mafrige and Kormanik are improper because the docket sheets attached to the affidavit, showing that no extraordinary writs or other process were issued to appellants, are not authenticated and are not attached to the affidavits and thus, because the affidavits rely on the docket sheets, the affidavits are not competent summary judgment proof. First, we have reviewed the docket sheets and find they were authenticated. The clerk of the federal court, through the deputy clerk, attested and certified that the docket sheets were true copies. Further, appellants did not raise this contention in the trial court and therefore have waived any error concerning the lack of certification. *Youngstown Sheet and Tube Co. v. Penn*, 363 S.W.2d 230, 233 (Tex.1962). Second, the docket sheets do not have to be directly attached to the affidavit in order to be part of the summary judgment proof.

It appears that some courts have seized on the phrase "attached thereto" and held that any papers referred to by an affidavit must be attached to the affidavit or the papers are not proper summary judgment proof. *E.g., Chandler v. El Paso Nat'l Bank*, 589 S.W.2d 832, 835 (Tex.Civ.App.—El Paso 1979, no writ). However, rule 166a(f) states that sworn or certified copies of papers referred to in an affidavit must be attached to it **or served with it.** TEX.R.CIV.P. 166a(f). (emphasis added) The docket sheets in this case, though not directly attached to the affidavits, were attached to the motions for summary judgment and thus, the docket sheets were "served with" the affidavit. Thus, the docket sheets and the affidavits are proper summary judgment proof. *See Baebel v. River Oaks Bank & Trust Co.*, 498 S.W.2d 461, 463 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

██ Even if the affidavits are deficient because the docket sheets were not directly attached to them, appellants have waived any complaint on this issue. In *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962), the appellant complained that the documents relied on by the movant for summary judgment were not attached to the affidavit. The Court held that the appellant should have excepted to the affidavits in the trial court. *Id.* at 234. The Court then stated that this was a purely formal deficiency in that the document relied on by the movant was attached to the answer, and because appellant did not raise the deficiency in the trial court, it could not be raised on appeal. *Id.* Appellants did not raise this complaint in the trial court. Their only objection to the affidavits in the court below was that their were "purely conclusory and not credible summary judgment proof." Thus, appellant waived this complaint.

Further, while the affidavits do refer to the docket sheets and rely on them in part, the affidavits also contain statements by Mafrige and Kormanik stating that based in their involvement in and personal knowledge of the malpractice suit, "James E. Ross was never physically detained by any court order or process issued in any case in which [we] ever became involved; and, no property of James E. Ross was seized by any court order or process during the course of any such case." The same statements were made as to Sutter. These statements were independent and did not rely on the docket sheets.

██ Appellants also complain that the affidavits are conclusory and not credible. As we noted above, these objections were made in the trial court. They argue that because the credibility of appellees is likely to be an issue, the affidavits are insufficient summary judgment proof. First, we find that the affidavits are not conclusory. They contain statements of fact based on personal knowledge, i.e., Ross and Sutter were never detained nor was their property ever seized by legal process. These are not conclusions; they are statements of fact. As to the second contention, summary judgment may be based on the affidavit of an interested witness provided that it is clear, positive, direct, otherwise credible, and could have been readily controverted. *Galvan v. Public Utilities Bd.*, 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ) (citing *Republic*

*Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986); *Bankers Commercial Life Ins. Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); and TEX.R.CIV.P. 166a(c)). Here, the affidavits meet these requirements. Appellants could have easily controverted these affidavits by showing that they were arrested or otherwise detained, or by attaching a copy of any legal process document, e.g., a writ, showing that their property was seized. We hold that we can properly consider the summary judgment proof supplied by appellees and continue our analysis of the "special injury" element.

Beyond the affidavits filed by appellees, there is other summary judgment proof supporting the fact that appellants were never detained or their property seized. In his answers to requests for admissions and responses to interrogatories, Ross admits that he was never detained nor was his property seized. Also, Ross' counter affidavit, which is attached to appellants' response to the motions for summary judgment, states that "it is true that no extraordinary writ was sought against me."

■ On appeal, however, appellants argue that they did suffer "special injury" because Ross was "detained" and his property was "seized" when he was deposed and required to bring requested discovery documents to the deposition. There is not a single Texas case that holds that a deposition or subpoena duces tecum satisfies the requirement of physical detention of the plaintiff or seizure of his property. We hold that this is not the type of "detention" or "seizure" contemplated by the Texas courts. What occurred was part of the discovery process that occurs in nearly every lawsuit pursuant to the Texas Rules of Civil Procedure. If we were to hold that this constituted detention or seizure for the purposes of a malicious prosecution action, then almost every suit filed would meet the damage element of the cause of action. This would defeat the purpose of the special injury requirement and could not have been intended by the Texas courts. *See Pye,* 222 S.W. at 153.

Further, the damages alleged by Ross and adopted by Sutter are the "professional defamatory-type" damages that have previously been rejected by the courts. *Martin,* 578 S.W.2d at 766. In his counter affidavit Ross states that the "defendants did restrict and restrain me in my person and property by making false allegations against me." In *Butler v. Morgan,* 590 S.W.2d 543 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), the plaintiff, a doctor, alleged that he suffered injury to his "personal and professional reputation as a surgeon and physician, personal humiliation, mental anguish and distress" because of the medical malpractice suit filed by Mary Morgan. 590 S.W.2d at 544. He further asserted that he had been "damaged in his practice of medicine, which depends largely upon referrals from other physicians, and that he was forced to neglect his professional practice to his damage." *Id.* at 544–45. He also claimed that his malpractice insurance had been cancelled as a result of the malpractice suit and that his premiums had increased. *Id.* at 545. The court held that the mere filing of a civil suit resulting in damage to the defendant is not "such and interference with the person or property of the defendant in the suit as will support an action for malicious prosecution. *Id.* Thus, the court found that Butler did not allege damage "conforming to the legal standards under Texas law." *Id.* (quoting *Smart v. Carlton,* 557 S.W.2d 553 (Tex.Civ.App.— Beaumont 1977, writ ref'd n.r.e.); *Louis v. Blalock,* 543 S.W.2d 715 (Tex.Civ.App.— Amarillo 1976, writ ref'd n.r.e.); *Moiel v. Sandlin,* 571 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Martin v. Trevino,* 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.)).

The damages asserted by Ross and Sutter allege nothing more than the type of damages long rejected by the courts as sufficient to constitute "special injury." For example, Ross' petition states that his law firm no longer wanted him in the firm except on a basis that was "degrading and unethical." In other words, Ross was not fired, he quit because the terms of his employment allegedly became degrading. He suffered personal humiliation and distress; damages rejected by the *Butler* court. *See Butler,* 590

S.W.2d at 544. Like the physician in *Butler* who lost referrals from other physicians, Ross, and by extension Sutter, claimed they lost "personal and business relationships." *Id.* Further, the physician in *Butler* claimed financial loss because he was forced to neglect his practice because of the suit. *Id.* at 544–45. Likewise, appellants here claim financial loss because they "devoted" time to the defense of the "wrongful litigation."

Thus, the only damages appellants alleged to have suffered have been specifically rejected: defamatory-type damages, harassment damages, business damages, and defense costs.[7] Damages which flow directly or indirectly from the mere fact that a suit was filed do not conform to the legal standards in Texas. *Id.* at 545. Based on the summary judgment proof, the trial court correctly found that appellees were entitled to judgment as a matter of law on appellants' malicious prosecution claim.

The trial court granted appellees' motions for summary judgment generally; if the judgment can be upheld on any ground asserted in the motions it will be sustained. *Benavides v. Moore,* 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi 1992, writ denied). Because we have held that appellees' are entitled to summary judgment on the malicious prosecution claim based on their negation of the damage element it is unnecessary to address the remaining grounds raised in the motions. *See id.*

### LIBEL AND SLANDER

Appellants alleged claims for libel and slander. The only appellees who addressed these claims were: the Brown group, Lipcon, and the Mafrige group. These appellees relied on identical grounds to support their motions: statute of limitations and absolute privilege.

 When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *Archambault v. Ar-*

*chambault,* 846 S.W.2d 359, 360 (Tex.App.—Houston [14th Dist.] 1992, no writ). The defendant must prove when the cause accrued. *Id.* (citing *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990)). The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990).

 Libel and slander claims must be brought within one year of the accrual of those claims. TEX.CIV.PRAC. & REM.CODE ANN. § 16.002 (Vernon 1986). A libel or slander claim accrues on the date of the communication or publication and not on the date of the consequences or sequelae. *See Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 412 (Tex.App.—Corpus Christi 1988, no writ). Appellants' pleadings make it clear that their defamation claim stems from allegations made when appellees' filed the legal malpractice claim against them. For example, appellants claimed appellees falsely stated that Ross had been negligent in failing to petition the Sosa court for limitation of liability. The summary judgment proof reflects that the legal malpractice complaint was filed in federal court on July 6, 1984. A Unified Complaint was filed on March 21, 1986. Ross filed his answer to the malpractice suit on April 11, 1986. So, at the very latest, the summary judgment proof establishes that appellants knew about the alleged defamation on April 11, 1986. Ross did not file his petition alleging defamation until March of 1990. Sutter did not intervene until January of 1991. It is clear that appellants did not file their defamation claim within the statute of limitations. The summary judgment proof conclusively establishes that the Brown group, Lipcon, and the Mafrige group were entitled to judgment as a matter of law on the defamation claim based on the one-year statute of limitations.

 These appellees also alleged they were entitled to judgment as a matter of law on the defamation issue based on privilege. The summary judgment record reflects that any and all of the defamatory statements allegedly spoken or written by these appel-

---

**7.** We note here that despite the fact that Sutter adopted all of Ross' damage allegations, he did not suffer loss of employment, business relation-

ships, or financial interest in the firm because according to the record, Sutter is still an associate at the firm of Ross, Griggs & Harrison.

lees occurred during the course of the malpractice action. All proceedings in courts of this state are absolutely privileged, and in no event will **any part thereof** afford grounds for an action involving defamation. *Russell v. Clark,* 620 S.W.2d 865, 868 (Tex.Civ.App.— Dallas 1981, writ ref'd n.r.e.). (emphasis added) Even perjured testimony is absolutely privileged and cannot form a basis for civil liability. *Id.*

Appellants agree that any communication that "bears some relationship to an existing or proposed judicial proceeding" is absolutely privileged. However, they argue that their pleadings do not allege that all of the defamatory statements and publications were made by appellees "totally in pursuit of the Consolidated Malpractice Case or in relation thereto." They claim that they attempted to elicit, through discovery, particulars of all defamation but that when the trial court cut off discovery by denying their motions for continuance, they were unable to procure the information. Based on this, appellants allege that the record contains no summary judgment proof of the nature and substance of any defamation. We have already determined that the trial court did not err in refusing to grant appellants' motion for continuance in order to permit discovery. Thus, this argument is without merit. There is nothing in the record to indicate that any statements or other communications were made outside the context of the malpractice suit. Thus, the Brown group, Lipcon, and the Mafrige group were entitled to summary judgment on the defamation claims based on the defense of absolute privilege.

## CONSPIRACY

Appellants pled, according to their own brief:

... actionable conspiracy by Appellees to extort money from them and/or their malpractice insurance carrier by means of convincing Arkwright to sue them for malpractice, without having any just cause therefor, and filing and perpetrating such suit without having any evidence whatsoever of any malpractice on the part of Appellants, libeling and slandering Appellants for no other reason than to attempt to force them and their insurance carrier into a settlement of the case, and continuing to defame them throughout the course of the conspiracy.

In other words, appellants contend that appellees combined to maliciously prosecute and defame them. The conspiracy allegation was addressed by all of the appellees except the Arkwright group and Thurlow. We have already held that the Brown group, Lipcon, and the Mafrige group are entitled to judgment as a matter of law on the malicious prosecution and defamation claims alleged by appellants. In their motions for summary judgment, these appellees argued that appellants could not prevail on their civil conspiracy claim because appellees had negated the only two torts underlying the conspiracy claim.

The gist of a cause of action for conspiracy is damages from the commission of a wrong which injures another and not the conspiracy itself. *Schoellkopf v. Pledger,* 778 S.W.2d 897, 900 (Tex.App.—Dallas 1989, writ denied) (citing *Estate of Stonecipher v. Estate of Butts,* 591 S.W.2d 806, 808 (Tex. 1979)). To be actionable, a conspiracy must consist of wrongs that would have been actionable against the conspirators individually. *Schoellkopf,* 778 S.W.2d at 900 (citing *International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 581 (Tex.1963); *Steinmetz & Assoc., Inc. v. Crow,* 700 S.W.2d 276, 281 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.)). If an act by one person cannot give rise to a cause of action, then the same act cannot give rise to a cause of action if done pursuant to an agreement between several persons. *Schoellkopf,* 778 S.W.2d at 900. Therefore, because the Brown group, Lipcon, and the Mafrige group were entitled to judgment as a matter of law on the "wrongs" alleged by appellants to support the conspiracy, they are also entitled to judgment as a matter of law on the conspiracy claim. *See Schoellkopf,* 778 S.W.2d at 900; *Crow,* 700 S.W.2d at 281. We hold that the trial court correctly granted summary judgment in favor of the Brown group, Lipcon, and the Mafrige group on the conspiracy claim.

## NEGLIGENCE

 The last cause of action pled by appellants was a form of negligence. In his second amended petition Ross stated:

> Defendants were negligent and they, their agents, attorneys, servants and employees all acting in the course and scope of their employment and for whom in terms of law they are legally liable and responsible failed to do acts and things, including advising plaintiff's clients of their wrongdoings above and of the false allegations in said claims and failing to disclose that there was no liability or duty on the part of the aforesaid "Oceanus" or Arkwright–Boston to pay all or any part of said judgment or claim unless and until Tracey paid it first as a prerequisite to indemnity ... which Tracey never did and was financially incapable of doing ... and other omissions which a prudent company or person would have done under the same or similar circumstances; and in doing the acts which they did as outlined above, including paying Sosa and his attorneys the $5,000,000 with any liability having matured ... and other acts which a reasonable prudent person would not have done under the same or similar circumstances. Such acts and omissions were each a proximate cause of Ross' damages and harm incurred herein as above alleged.

The only appellee to address the negligence contention was the Mafrige group. In our original opinion, we noted that the some appellees presented some of the following arguments on appeal: (1) Ross' second amended petition and Sutter's petition in intervention do not assert negligence; (2) negligence is improperly fractured out of the other claims, and therefore, does not constitute a cause of action; (3) the summary judgment proof that was presented to negate the other claims raised by appellants was also sufficient to negate the negligence claim because the negligence claim is simply another name for the claims already negated by appellees, e.g., negligent defamation; and/or (4) the negligence claim fails as a matter of law because appellees' owed no duty to appellants' client. *Ross,* 834 S.W.2d at 389.

We held that the first argument was meritless because Ross' petition clearly asserts a negligence claim. *Id.* In fact, we noted that during oral argument, Lipcon's attorney admitted that Ross pled a "weird form of negligence." *Id.* We held that while the second argument might have merit, none of the appellees, except the Mafrige group, asserted this contention in their motions for summary judgment. *Id.* Thus, we held, citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675 (Tex.1979), that only the Mafrige group can raise the second argument on appeal. *Id.; See also McConnell v. Southside School Dist.,* 858 S.W.2d 337, 339 (Tex.1993).

We found that the third argument, while technically correct in some respects, is insufficient because the summary judgment proof as to the other causes of action does not completely defeat the negligence claim as pled by appellants. *Ross,* 834 S.W.2d at 389. Lastly, we noted that the third argument ties in with the fourth. *Id.* The fourth argument was not alleged in any of the motions for summary judgment; it appears, improperly, for the first time on appeal. *Id.* (citing *Clear Creek Basin,* 589 S.W.2d at 675).

Only one of the four arguments was presented to the trial court by way of the motion for summary judgment. The Mafrige group argued that the negligence claim is improperly fractured out of the other claims, and therefore, does not constitute a cause of action. *Id.* at 390. Thus, only the Mafrige group can argue they are entitled to summary judgment on the negligence claim.

The Mafrige group argued that Ross and Sutter, in pleading negligence, have tried to "massage" their malicious prosecution and defamation accusations into a third cause of action by attaching a different label to them. We agree. When the labels attached to the causes of action pled by appellants are ignored, and the pleadings are read for content and analyzed, it is clear, even with liberal a construction, that appellants have pled nothing more than malicious prosecution, defamation, and conspiracy based on these torts. The courts of this state frown on attempts to fracture one cause of action into three or four. *See Sledge v. Alsup,* 759 S.W.2d 1, 2

(Tex.App.—El Paso 1988, no writ). We find *Sledge* analogous.

In that case, the plaintiff brought a legal malpractice action against an attorney alleging that the attorney mishandled a real estate transaction. *Id.* at 1. The petition filled by the plaintiff purported to allege three separate causes of action under heading entitled: "Breach of Contract, Legal Malpractice, and Fraud." *Id.* The attorney filed a motion for summary judgment arguing that all of the plaintiff's claims were barred by the two-year statute of limitation. *Id.* The trial court granted the attorney's motion for summary judgment. *Id.*

In response to the motion for summary judgment and on appeal, the plaintiff argued that the four-year statute of limitations applied. *Id.* His argument was obviously based on the fact that the statute of limitations for a breach of contract action is four years, *see* TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986), while the limitations period for legal malpractice and fraud is two years. *See Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988); TEX.CIV.PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986). The court of appeals, affirming the trial court's judgment, held that the two-year statute applied and stated:

> Nothing is to be gained by fracturing a cause of action arising out of bad legal advice or improper representation into claims for negligence, breach of contract, fraud or some other name.... Nothing is to be gained in fracturing that cause of action into three or four different claims and sets of special issues. That is not in accordance with the recent trend in this state to simplify issues which are presented to a jury. [citations omitted]

*Sledge,* 759 S.W.2d at 2. *See also Brotherhood's Relief Fund v. Cawthorn,* 815 S.W.2d 254, 259 (Tex.App.—El Paso 1991, writ denied).

The court's reasoning is clear: the two-year statute of limitations applied because no matter what name the plaintiff gave to his cause of action, it was nothing more than a legal malpractice cause of action and the court refused to let the plaintiff fracture such a claim into other causes of action. *See id.*

We agree with this reasoning and find it applicable in this case. The only causes of action pled by appellants were malicious prosecution, defamation, and conspiracy based on those two torts. The negligence claim was just a " "re-labeled" " claim for the same thing. Thus, because the Mafrige group negated malicious prosecution, defamation, and conspiracy, they in fact negated the so-called negligence claim. The trial court did not err in granting summary judgment in favor of the Mafrige group as to appellants' "negligence" claim.

## CONCLUSION

Appellants' sole point of error is overruled in part and sustained in part in accordance with the Supreme Court's judgment and the above opinion. The summary judgments granted by the trial court are disposed of as follows: (1) the summary judgment in favor of the Arkwright group is affirmed as to malicious prosecution; however, it is reversed and remanded to the trial court as to the claims for libel, slander, conspiracy, and negligence; (2) the summary judgment in favor of the Brown group is affirmed as to malicious prosecution, libel, slander, and conspiracy; the summary judgment in favor of the Brown group is reversed and remanded as to the negligence claim; (3) The summary judgment in favor of Thurlow is affirmed as to the claim for malicious prosecution; however, it is reversed and remanded to the trial court as to appellants' claims for libel, slander, conspiracy, and negligence; (4) the summary judgment in favor of Lipcon as to the claims of malicious prosecution, libel, slander, and conspiracy is affirmed; but, the summary judgment in favor of Lipcon is reversed and remanded as to the claim for negligence; and (5) the summary judgment in favor of the Mafrige group is affirmed as to all of the claims in this case: malicious prosecution, libel, slander, conspiracy, and negligence. The judgment of the trial court is affirmed in part and reversed and remanded in part.

PAUL PRESSLER, J., not participating.