COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH



## NO. 2-07-262-CV

| | |
|---|---|
| WILLIAM WYROSKI | APPELLANT |

V.

| | |
|---|---|
| DANNY R. CHOATE AND INSULTECH OF TEXAS, INC., D/B/A INSULTECH | APPELLEES |

------------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] ON REHEARING

------------

### I. INTRODUCTION

On February 28, 2008, this Court issued an opinion affirming the trial court's judgment. Appellant William Wyroski filed a motion for rehearing. After due consideration, we deny Wyroski's motion for rehearing, but we withdraw

---

[1] See TEX. R. APP. P. 47.4.

our opinion and judgment dated February 28, 2008, and substitute the following. Our disposition of this case remains unchanged.

This is a summary judgment appeal. Wyroski sued Appellees Danny Choate and Insultech of Texas, Inc. (Insultech), claiming that he and Choate were equal partners of Insultech and that when he left Insultech, Choate failed to pay him half of Insultech's book value as the two had purportedly verbally agreed. Appellees moved for summary judgment, the trial court granted summary judgment, and now Wyroski brings four grounds[2] in this appeal challenging the summary judgment in favor of Choate and Insultech. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In early 2003, Wyroski, who has over twenty years of experience in the business of installing and servicing heating, venting, and air conditioning (HVAC) systems, lost his job when his company downsized. Choate had previously worked with Wyroski, and when Wyroski left his job, he, Choate, and a mutual friend discussed working in a HVAC business together. The deposition testimony varied as to whether the three were to be equal partners

---

[2] Appellant uses the term "grounds" to describe the issues he presents on appeal; we, therefore, will similarly refer to his issues presented as grounds of error.

in the business or whether Choate was to be the boss and sole owner of the company. But Wyroski claimed that, even though many specifics of the joint ownership were not discussed and nothing was put into writing, the three nevertheless intended to be equal partners of Insultech.

By late 2004, Wyroski and Choate were fighting, and Wyroski decided to leave Insultech (the mutual friend had left Insultech shortly after he began working there). Wyroski asked for half of the book value of Insultech, and, according to Wyroski's original petition, Choate agreed to buy Wyroski "out of his 50% of the business using Insultech book values for the year end 2004 as the basis for the valuation of . . . Wyroski's 50% share."

Choate never paid Wyroski, so Wyroski brought suit on breach of contract, quantum meruit, unjust enrichment, and promissory estoppel claims. After discovery, Choate and Insultech filed a combined traditional and no-evidence motion for summary judgment, asserting as one of four bases for summary judgment that Wyroski had no damages. The trial court granted Choate and Insultech's motion without stating the ground on which it based the summary judgment. Wyroski now appeals.

## III. STANDARDS OF REVIEW

In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine

3

issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965).

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

4

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

### IV. CHOATE AND INSULTECH'S SUMMARY JUDGMENT EVIDENCE

In support of their "no damages" ground for traditional summary judgment, Choate and Insultech attached the affidavit of Insultech's certified public accountant as summary judgment evidence. That affidavit establishes

5

that, under generally accepted accounting principles (GAAP), at the end of 2004 Insultech's book value was *negative* $159,314. Insultech's balance sheet, showing the breakdown of its assets, liabilities, and stockholder's equity, is attached to the accountant's affidavit. Thus, Choate and Insultech conclusively negated the damages element of Wyroski's claim — even if Wyroski was entitled to 50% of the book value of Insultech at the end of 2004, that value was negative. *See Mason*, 143 S.W.3d at 798. Consequently, the burden shifted to Wyroski to present controverting summary judgment evidence raising a genuine issue of material fact concerning the book value of the company at the end of 2004. *See Centeq Realty, Inc.*, 899 S.W.2d at 197.

Wyroski apparently attempted to meet this burden by attaching his deposition as summary judgment evidence. In his deposition, Wyroski attacks the valuation method used by Insultech's accountant as reflecting an inherently unreliable figure because it failed to take into account earning capacity, going concern, or goodwill values. But Wyroski presented no summary judgment evidence that a book value calculation based on something other than GAAP should be used (i.e., using the items urged by Wyroski), was commonly used in the industry, or was actually agreed upon by he and Choate. In fact, the only potential summary judgment evidence proffered by Wyroski concerning the

6

company's value was his own testimony that Choate had told him that the

company had a $700,000 net profit.[3]

_____

[3] After testifying that Choate had told him that the company had a $700,000 net profit, Wyroski testified to the following:

     Q.    Well, it sounds like that -- that your understanding of what the value of the company was always from what [Choate] was telling you.

     A.    Correct.

     Q.    Okay.  Did you ever independently calculate the value of the company?

     A.    No, I did not.

     Q.    Did you ever see anything that reflected the value of the company at any time before you left, other than what [Choate] showed you . . . ?

     A.    No, I did not.

     Q.    Did you -- anybody else talk to you about the value of the company?

     A.    No.

     Q.    And do you have any other basis for estimating the value of the company at that time, in October -- the fall of '04, other than what you've told me about so far?

     A.    Just our conversations.

Wyroski's deposition testimony concerning his belief as to the book value of the company in the fall of 2004, even viewed in the light most favorable to Wyroski, does not raise a genuine issue of material fact controverting the summary judgment evidence that Insultech had a negative book value at the end of 2004.[4] *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (stating that "[l]ay testimony is insufficient to refute an expert's testimony" in summary judgment proceedings). Thus, Wyroski failed to meet the summary judgment burden that shifted to him when Choate and Insultech conclusively negated the damages element of Wyroski's claim. *See Centeq Realty, Inc.*, 899 S.W.2d at 197. We hold that the trial court did not err by granting Choate and Insultech's motion for summary judgment on Wyroski's breach of contract claim.

In the alternative, Wyroski asserts equitable claims against Choate for quantum meruit, unjust enrichment, and promissory estoppel. Choate filed a no-evidence motion for summary judgment on all claims, including these, and our evaluation of the record has uncovered no evidence of any amount of

---

[4] Although Wyroski testified that he once saw the $700,000 figure on Choate's computer, Wyroski admitted that the numbers on Choate's computer were a reflection of the "circle" of both incoming and outgoing money from Insultech. When specifically asked about where the $700,000 was, Wyroski said that it was in "[s]ome bank" where the money was "coming in" but "mostly going out."

damages asserted by Wyroski against Choate concerning these equitable theories. Wyroski first claimed that he had worked without pay for a period of time but admitted that he received a weekly paycheck and a W2 form for most of the time that he was with the company. Wyroski further claimed that he had bought materials for the company without being fully reimbursed. Wyroski provided no specifics on exactly which materials he bought, where he bought them, how much he paid for them, or how much he was reimbursed. When questioned whether he had "any idea or concept to quantify . . . the amount you gave or the amount that you were reimbursed," Wyroski admitted that he did not. And while he said that he could provide documents showing these amounts, Wyroski never produced any documents, to rebut Choate's no-evidence motion for summary judgment concerning damages related to the equitable theories. Accordingly, we hold that the trial court did not err by granting Choate and Insultech's no-evidence motion for summary judgment on Wyroski's equitable claims.[5]

---

[5] Choate and Insultech are entitled to summary judgment because they conclusively negated the damage element of all of Wyroski's claims and because Wyroski presented no evidence of damages on his equitable claims; consequently, we need not address the remaining grounds presented in this appeal by Wyroski. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000) (holding where summary judgment does not specify grounds relied on, reviewing courts are to affirm if any ground is meritorious); *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 130 (Tex. App.—Houston

## V. Conclusion

Having determined that summary judgment was proper in this case, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: June 19, 2008

---

[14th Dist.] 1994, no writ) (recognizing that because defendant is entitled to summary judgment based on its negation of damage element of plaintiff's claim, it is unnecessary to consider remaining grounds presented in the motion).