Affirmed and Memorandum Opinion filed November 16, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00695-CV

___________________

 

Thanh D. Nguyen, Appellant

 

V.

 

Phu Do Nguyen, Appellee



 



 

On
Appeal from the 281st District Court

Harris County,
Texas



Trial Court Cause No. 2008-37227

 



 

 

MEMORANDUM OPINION

Appellant brings this appeal from the trial court’s
granting of a summary judgment in favor of appellee, who asserted the
communicative privilege as a bar to appellant’s slander and defamation claims. 
We affirm.

FACTUAL AND
PROCEDURAL BACKGROUND

Appellant Thanh D. Nguyen (“Thanh”) was engaged in a
civil suit against Hong Van Nguyen (“Hong”).[1] 
Appellee, Phu Do Nguyen (“Phu”), an attorney, represented Hong during the early
part of the lawsuit.  During the time Phu represented Hong, Phu filed a
counterclaim on Hong’s behalf against Thanh.  Within the counterclaim was a
complaint about harassment while Hong was a student at Thanh’s massage school. 
The complaint included the following allegation:

The night before [Hong’s massage therapist] examination,
[Thanh] went into [Hong’s] hotel room [and] started sexually touching [Hong] on
her body.  [Thanh] indicated to [Hong] if she does not allow him to have sexual
intercourse with him, he would: “inform her husband of her affair with [him],
and she would never pass the examination without his connection to the
examination board.”  Without her consent, [Thanh] then forcibly had sexual
intercourse with [Hong].  After having intercourse with [Hong], [Thanh]
indicated to [Hong] that if she does not keep quiet, he will inform her
husband.  Feeling [shamed] and shocked, [Hong] did not report this case to the
police . . .  

At the trial of the case between Thanh and Hong, Hong
denied the allegation made in the counterclaim.  She stated Thanh had never
“forcibly had sexual intercourse” with her.  When asked why the statement was
included in the counterclaim, Hong stated that she did not speak English well
enough to write the counterclaim, so Phu drafted the documents.  Hong
speculated that it “could have been that I was the one that said it, but he
made a mistake in typing it.”  

Thanh subsequently sued Phu, claiming Phu
intentionally filed a perjured and defamatory claim with the court.  In
particular, Thanh sued Phu claiming libel, libel per se, defamation, defamation
per se, negligence and gross negligence.  Phu filed a motion for summary
judgment in which he asserted the affirmative defense of communicative
privilege.  The trial court granted Phu’s motion for summary judgment.  On
appeal, Thanh briefed only the causes of actions for slander and defamation
(“Defamation Claims”).  Consequently, we need only address the Defamation Claims. 


 

 

DISCUSSION

Under the traditional summary judgment standard of
review, a movant has the burden to show there are no genuine issues of material
fact, and he is entitled to judgment as a matter of law.  KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  In
determining whether there is a genuine fact issue precluding summary judgment,
evidence favorable to the non-movant is taken as true and we make all
reasonable inferences in his favor.  Id.  We review the trial court’s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).  A defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the
plaintiff’s causes of action or if it conclusively establishes all elements of
an affirmative defense.  Randall’s Food Mkts. Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995).

A.     Communicative
Privilege

We assume under the summary judgment standard that
Thanh’s allegations are true. KPMG, 988 S.W.2d at 748.  Thus, we assume
Phu knew the statement was perjured as well as defamatory.  

The communicative privilege covers “any statement
made by the judge, jurors, counsel, parties or witnesses, and attaches to all
aspects of the proceedings, including statements made in open court, pre-trial
hearings, depositions, affidavits, and any other pleadings or other papers in
the case.”  James v. Brown, 637 S.W.2d 914, 916–917 (Tex. 1982).  The
purpose of the communicative privilege is to ensure parties feel free to make
full disclosures to tribunals without the fear of retaliatory lawsuits.  Id.
at 917.  This privilege is founded on the “theory that the good it accomplishes
in protecting the rights of the general public outweighs any wrong or injury
which may result to a particular individual.”  Reagan v. Guardian Life Ins.
Co., 166 S.W.2d 909, 913 (Tex. 1942).

Neither party disputes Phu was acting as an attorney
when he filed the counterclaim.  Nor does either party argue that the
counterclaim is not part of judicial proceedings covered by the communicative
privilege.  Thus, Phu’s actions were protected by the communicative privilege
unless an exception applies.  

Thanh argues that Phu’s actions fall outside the
communicative privilege because they are “foreign to the duties of an
attorney.”  He makes the claim that Phu’s actions are outside the communicative
privilege for two reasons:  (1) Phu is alleged to have suborned perjury by
submitting to the court a sworn affidavit alleging Thanh required Hong to have
“forcible sex”; and (2) “tampered with government documents” by submitting an
allegedly false document to the court.  

In support of this claim, he brings forth several
cases showing all attorney actions are not necessarily covered by the
communicative privilege.  In particular, attorney fraud or conspiracy to
defraud is not protected by the communicative privilege.  See Toles v. Toles,
113 S.W.3d 899, 911 (Tex. App.—Dallas 2003, no pet.).  

Thanh, however, did not allege fraud in his lawsuit;
he pled the Defamation Claims. There is extensive case law holding that the
communicative privilege bars civil actions for defamation.  Bird v. W.C.W.,
868 S.W.2d 767, 771 (Tex. 1994) (barring a defamation action for alleging child
abuse in a signed affidavit); James, 637 S.W.2d at 916 (Tex. 1982)
(“Communications in the due course of a judicial proceeding will not serve as
the basis of a civil action for libel or slander, regardless of the negligence
or malice with which they are made.”); Reagan, 166 S.W.2d at 912 (preventing
a claim for libel or slander under the communicative privilege when a party put
forth allegedly false evidence in trial).

Importantly, the communication privilege applies in libel,
defamation, and slander cases even if the allegedly false statement was
intentionally made.  In Reagan, an insurance company was accused of
knowingly filing a fabricated and forged letter with the Texas Board of
Insurance Commissioners.  Id. at 911.  Reagan sued the insurance company
for allegedly libelous claims made in the letter.  Id. at 912.  The
Texas Supreme Court decided the issue, stating “Any communication . . . uttered
or published in the due course of a judicial proceeding is absolutely
privileged and cannot constitute the basis of a civil action in damages for
slander or libel.  The falsity of the statement or the malice of the utterer is
immaterial . . .” Id.   This principle includes perjured testimony as
well.  See Ross v. Arkwright Mut. Ins. Co., 892 S.W.2d 119, 132 (Tex. App.—Houston
[14th Dist.] 1994, no pet.).

Thus, even if we assume Thanh’s allegations
supporting the Defamation Claims are true, the affirmative defense is
conclusively proven.  The statements in question were made in the course of a
judicial proceeding by an attorney.  See James, 637 S.W.2d at 916-917. 
Furthermore, the Defamation claims of slander and defamation are barred by the
communicative privilege.  Bird, 868 S.W.2d at 771; James, 637
S.W.2d at 916; Reagan, 166 S.W.2d at 912.  Even if we assume Phu knowingly
submitted a false affidavit to the court in Hong’s counterclaim, and thus
submitted written perjured testimony to the court, the communicative privilege
protects him from a defamation action.  See Ross, 892 S.W.2d 119 at
132.  Accordingly, Phu has proved his affirmative defense as a matter of law
and is entitled to summary judgment in his favor on the Defamation Claims.  See
Randall’s, 891 S.W.2d at 644. We hold the trial court did not err when
it granted Phu’s motion for summary judgment.  We overrule appellant’s issues
on appeal.

CONCLUSION

Having overruled appellant Thanh’s arguments against
summary judgment, we affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Seymore.









[1] The trial record brought
forth from the underlying suit between Thanh and Hong is incomplete, but it
appears appellant was suing Hong for payment of money that he claimed was a
loan but Hong claimed was a gift.