D. B. BUTLER, M.D., Appellant,

v.

Mary MORGAN and John Holloway, Appellees.

No. 17452.

Court of Civil Appeals of Texas, Houston (First Dist.).

Sept. 20, 1979.

Rehearing Denied Oct. 25, 1979.

Thomas R. Beech, Houston, for appellant.

Max H. Jennings, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is a suit for the damage resulting from the alleged malicious prosecution of a civil suit. The case was dismissed on motion of the defendants and this appeal resulted. Affirmed.

Mary Morgan filed a medical malpractice suit against Doctor Donald B. Butler, and others, which proceeded to trial and resulted in a judgment in favor of all of the defendants. Thereafter, Doctor Butler filed this suit for damages asserting a cause of action based on malicious prosecution. When this case came on for trial, prior to the selection of the jury, a hearing was held on a pleading entitled "plea to jurisdiction, plea in abatement, plea of limitations, special exception, and revival of summary judgment pleading." At the conclusion of this hearing the trial court entered an order which recited that the court "—is of the opinion that the cause of action of malicious prosecution requires actual interference with the defendant's person (such as an arrest or detention) or property (such as an attachment, an appointment of a receiver, a writ of replevin, or an injunction) and that the plaintiffs' first amended petition failed to allege such interference." The court then ordered that "such pleas" be sustained and that the suit be dismissed.

The appellant relies on a single point of error asserting that the trial court erred in dismissing Doctor Butler's suit on the ground that it failed to allege actual interference with the person or property of Dr. Butler. Appellant has not argued that the case should be remanded for the purpose of permitting the petition to be amended to assert additional elements of damage which would constitute such interference. The judgment entered was approved by the attorney for Dr. Butler.

It is well established that one of the essential elements which must be pleaded and proved for recovery based on malicious prosecution is that the plaintiff has suffered damages conforming to legal standards under Texas law. *Morris v. Taylor*, 353 S.W.2d 956 (Tex.Civ.App.-Austin 1962, writ ref. n. r. e.).

The plaintiff alleged that he suffered injury to his personal and professional reputation as a surgeon and physician, personal humiliation, mental anguish and distress. He asserted that he had been damaged in his practice of medicine, which depends largely upon referrals from other physicians, and that he was forced to neglect his

professional practice to his damage. He asserted that his professional malpractice insurance had been cancelled as a result of this malpractice suit and that his insurance premiums had been increased, caused at least in part by the filing of this suit.

The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suit, with his person or property. *Pye v. Cardwell*, 110 Tex. 572, 222 S.W. 153 (Tex. 1920). The Supreme Court cited three early cases by the Supreme Court of Texas in support of this rule. In *Smith v. Adams*, 27 Tex. 28 (1863) the court asserted that no one can claim a legal exemption from suit by another who fancies he has a cause of action against him, however unfounded the claim may be in justice and law. The court then added: "had the suit been for the wrongful suing out of the writ of sequestration or attachment, by which the defendant's property was seized and he sustained damage, the action might have been maintained."

In *Salado College v. Davis*, 47 Tex. 131, 136 (1877), the court said: "this was an ordinary civil suit, in which no extraordinary process was sued out, and if the indirect effect of the suit was to interfere with the sale of the property which was to some extent the subject matter of litigation, this is not such an injury as the law regards or makes actionable."

In *Johnson v. King and Davidson*, 64 Tex. 226 (1885) the court seems to have answered "no" to a question which it propounded at page 229: "can an action be sustained for the bringing of a civil action by anyone, in his own right, for the purpose of enforcing a claim, real or unfounded, unless by the abuse of some process the person or property of the defendant be seized or in some other manner seriously effected?"

The mere filing of a civil suit resulting in damage to the defendant is not such an interference with the person or property of the defendant in the suit as will support an action for malicious prosecution. The damage which the plaintiff has alleged he suffered flowed, directly or indirectly, from the fact that the suit was filed. The plaintiff did not allege damage "conforming to legal standards under Texas Law." *Smart v. Carlton*, 557 S.W.2d 553 (Tex.Civ. App.-Beaumont 1977, writ ref. n. r. e.); *Louis v. Blalock*, 543 S.W.2d 715 (Tex.Civ. App.-Amarillo 1976, writ ref. n. r. e.); *Moiel v. Sandlin*, 571 S.W.2d 567 (Tex.Civ.App.-Corpus Christi 1978, no writ); *Martin v. Trevino*, 578 S.W.2d 763 (Tex.Civ.App.-Corpus Christi 1978, writ ref. n. r. e.).

The judgment is affirmed.