SHAWNEE INTERNATIONAL, N.V., et al., Plaintiffs-Appellants,

v.

HONDO DRILLING COMPANY, Defendant-Appellee.

No. 84–1340
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1984.

---

Stovall, Spradlin, Armstrong & Israel, Thomas Richard Spradlin, Sylvia Copaken, Washington, D.C., for plaintiffs-appellants.

Jim Curtis, Kemp, Smith, Duncan & Hammond, E. Link Beck, El Paso, Tex., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

In this diversity jurisdiction action, Shawnee International, N.V., et al. (Shawnee) appeal the Fed.R.Civ.P. 12(b)(6) dismissal of their claims against Hondo Drilling Company for failure to state a claim upon which relief can be granted. Agreeing with the district court that Shawnee's complaint failed to set forth a claim for relief cognizable under Texas substantive law, we affirm.

### Facts

In 1982 Hondo was sued in a wrongful death action by the survivors of Preston J. Mallard who died of injuries sustained in the explosion of an air tank on Hondo's drilling rig. Hondo filed a third party complaint against Shawnee Oil & Gas, formerly a subsidiary of Shawnee International, N.V., from whom it had purchased the rig. The Mallard plaintiffs thereafter amended their complaint to add Shawnee as a party-defendant. In due course a settlement was reached with the Mallard plaintiffs. Shawnee contributed $300,000 of the $450,000 settlement purse.

Following the settlement resolution of the Mallard suit, Shawnee filed the present complaint against Hondo, alleging that Hondo recklessly and maliciously filed its third party complaint with the knowledge that the drilling rig it sold to Hondo did not have an air tank. Shawnee further alleged that because of the pendency of this Mallard-based claim, a proposed sale of Shawnee Oil & Gas was interrupted, and the purchaser, Devon Energy Corporation, withheld as security against that claim the sum of $2,011,499 out of the purchase price of $2,511,499. Shawnee alleged that in order to secure a release of its funds it was forced to contribute $300,000 toward the Mallard settlement when it in fact owed nothing. Shawnee sought damages of $1,000,000, comprised of the $300,000 settlement payment, $200,000 in attorneys' fees and costs, and $500,000 in loss of use of the sum withheld.

Hondo moved for a 12(b)(6) dismissal. Shawnee amended its complaint alleging as grounds for recovery: (1) Hondo recklessly and maliciously filed the third-party complaint against Shawnee when it knew or should have known that Shawnee had not sold the defective tank; (2) Hondo continued in its contentions after being notified that the rig it purchased from Shawnee did not have the defective tank; (3) the agreement releasing Shawnee from the Mallard

suit was not a settlement agreement, and it unjustly enriched Hondo; and (4) Hondo maliciously and recklessly caused a detention of Shawnee's funds by filing the third-party complaint.

After reviewing the original and amended complaints, in light of controlling principles of Texas law, the district judge, schooled and skilled in the laws of Texas, dismissed Shawnee's complaint under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district judge found that the complaint was one seeking damages for malicious prosecution and the plaintiffs had not charged Hondo with suing out any form of process —garnishment, attachment, or arrest—an essential element of the tort of malicious prosecution under Texas law.

### Discussion

■ As the Texas Court of Appeals stated in *Moore v. Finholt*, 638 S.W.2d 169, 171 (Tex.App., Tyler 1982), with our editorial substitution of the names of the parties now before the court for convenience in application:

> The mere filing of a civil suit resulting in damage to the defendant is not such an interference with the person or property of the defendant as will support an action for malicious prosecution. [The Shawnee plaintiffs] have alleged they suffered damages resulting from the *filing or pendency* of [Hondo's third party complaint]. They did not allege or now contend that [Hondo] wrongfully sued out *any process* which interfered with their person or property. The mere bringing of a civil suit, no matter how unfounded or unjust, is not actionable as malicious prosecution in this state [Texas]. *Salado College v. Davis*, [47 Tex. 131 (1877)]; *Butler v. Morgan*, 590 S.W.2d 543, 545 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Louis v. Blalock*, 543 S.W.2d 715 (Tex.Civ.App. —Amarillo 1976, writ ref'd n.r.e.) (emphasis in original).

■ Under Texas law, Shawnee did not allege a viable claim for malicious prosecu-

tion and the complaints present no basis upon which relief might be granted.

■ Shawnee argues that the district court's dismissal was unlawful in that the court acted *sua sponte* before Hondo moved for such relief. We do not so construe the record, but even if it were so, we reject this argument and align ourselves with our colleagues in the other circuits who have held that a district court may dismiss a complaint on its own motion for failure to state a claim. *Pavilonis v. King*, 626 F.2d 1075 (1st Cir.1980); *Leonhard v. United States*, 633 F.2d 599 (2d Cir.1980); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556 (3d Cir.1980); *Salibra v. Supreme Court of Ohio*, 730 F.2d 1059 (6th Cir. 1984); *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194 (7th Cir.1977); *Silverton v. Dept. of the Treasury*, 644 F.2d 1341 (9th Cir.1981); Wright & Miller, *Federal Practice and Procedure* § 1357 p. 593 (2d ed 1983); *see also Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (implicit recognition by affirming such a dismissal).

■ Finally, Shawnee maintains that the district court improperly converted Hondo's motion to dismiss into a motion for summary judgment under Fed.R.Civ.P. 56. We find no merit in this argument. The district court had before it the original complaint, amended complaint, motion to dismiss and briefs of the parties when it entered the order of dismissal. There is nothing to support the suggestion that the court considered any matter beyond the pleadings.

AFFIRMED.