Patrick **LAVERGNE**

v.

**JEFFERSON COUNTY, TEXAS, et al.**

No. 1:94–CV–420.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 18, 1995.

James Joseph Heaney, Houston, TX, for plaintiff.

Richard F. Baker, District Attorney's Office, Jefferson County, Beaumont, TX, Roger Neiland Fry, Jefferson County Criminal Dist. Atty., Beaumont, TX, Tom Rugg, Criminal District Attorney's Office, Beaumont, TX, Steven Lee Wiggins, Office of the District Attorney, Beaumont, TX, for defendants.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

Plaintiff brings this 42 U.S.C. § 1983 action to remedy an alleged excessive use of force on July 11, 1992 by Patrol Deputy William Werner of the Jefferson County Sheriff's Department.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge filed on October 17, 1995, is **ADOPTED.** A partial final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

### PARTIAL FINAL JUDGMENT

This action came on before the Court, Honorable Thad Heartfield, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that defendant Jefferson County, Texas' Motion For Summary Judgment is **GRANTED,** and plaintiff's cause of action against Jefferson County, Texas, is **DISMISSED.** All motions regarding defendant Jefferson County, Texas, not previously ruled on are hereby **DENIED.**

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HINES, United States Magistrate Judge.

Plaintiff Patrick Lavergne brings this 42 U.S.C. § 1983 action to remedy an alleged excessive use of force on July 11, 1992 by Patrol Deputy William Werner of the Jefferson County Sheriff's Department. Defendant Jefferson County's motion for summary judgment was referred to the undersigned United States Magistrate Judge for report and recommendation by referral order of United States District Judge Thad Heartfield dated September 5, 1995. *See* 28 U.S.C. § 636(b)(1)(B) (1988); E.D.Tex.R. app. B.

### I. The County's Motion

The county's motion argues that summary judgment is appropriate because plaintiff does not allege a county policy to use excessive force (either in the type of traffic stop present in this scenario or under any other circumstances) or that the alleged excessive

use of force resulted from insufficient training provided to defendant Werner.

Plaintiff's pre-motion papers make no specific claim with respect to the county, and plaintiff's response to the defendant's motion acknowledges absence of any allegation specific to the county. The response seeks to cure the total lack of proof on the essential elements of plaintiff's claim against the county. This attempted cure is found in one sentence: "Jefferson Countymust [sic] use exercise [sic] force as Defendant Werner was not properly trained, all in the scope of his employment."[1]

## II. Discussion

### A. Procedural Standards

 When, as here, a defendant moves for summary judgment due to the failure of plaintiff to produce any evidence on an essential element of plaintiff's claim on which plaintiff bears the burden of proof, it is sufficient for defendant to point to the absence of proof of the essential element to meet its summary judgment burden with respect to that claim. Defendant need not produce its own evidence demonstrating the absence of a genuine issue of material fact with respect to that element. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *United Farmers Agents Ass'n v. Farmers Ins. Exch.,* 892 F.Supp. 890, 898 (W.D.Tex.1995); *United States v. Home Health Agency, Inc.,* 862 F.Supp. 129, 133 (N.D.Tex.1994). Once defendant makes this showing, the burden shifts to the plaintiff to come forward with competent summary judgment proof showing that the existence of a genuine fact issue. *Matsushita Elec. Indus. v. Zenith Radio,* 475 U.S. 574, 585, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

The recommended manner of proof is by affidavit. FED.R.CIV.P. 56(e). This is ex-

pected because the pleadings normally attempt, albeit without success, to lay out all the essential elements of a claim. This case is unusual in that plaintiff first attempted to lay out the elements of a failure to supervise theory of liability with respect to the county in his response to the summary judgment motion.[2] The response to the motion was not accompanied by any supporting affidavits; the sole statement of plaintiff's claim against the county is in the response itself. Despite the unusual choice of motion by defendant and unusual form of the response by plaintiff, the motion shall be considered on the merits.[3]

### B. Substantive Standards

 In order to survive a motion for summary judgment, the plaintiff "may not rest upon the mere allegations ... of ...· [his] pleading, but [his] response ... must set forth specific facts showing that there is no genuine issue for trial." FED.R.CIV.P. 56(e). As the Supreme Court interpreted the standard, the plaintiff must demonstrate that there is more than "some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. The Supreme Court has emphasized that the response to the motion must point to specific facts; plaintiff must produce "affirmative evidence ... from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). When an affidavit in response to a summary judgment motion contains "nothing more than a recital of unsupported allegations, conclusory in nature," the motion for summary judgment should be granted. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984); *Broadway v. City of Montgomery,* 530 F.2d 657, 660 (5th Cir. 1976).

---

1. "Answer to Summary Judgment," at 1. This response, denominated "answer," was signed by plaintiff's counsel.

2. In that sense, defendant's motion would perhaps have been more appropriately framed as a Rule 12(b)(6) motion to dismiss.

3. The court, while aware of its power to consider sua sponte a Rule 12(b)(6) motion to dismiss, *see Shawnee Int'l, N.V. v. Hondo Drilling Co.,* 742 F.2d 234, 236 (5th Cir.1984), chooses to proceed by examining the merits of the summary judgment motion, as there are indications that plaintiff understood his response to the motion to be an effective manner to amend his initial pleading.

## C. Application

 Plaintiff's response is exactly the sort of response the Supreme Court and the Fifth Circuit envisioned as insufficient to defeat summary judgment. The statement makes a conclusory allegation that poor training procedures of the county sheriff's department precipitated the alleged constitutional violation. The statement points to no specific facts concerning the training policy which demonstrate its insufficiency. The most that can be said about the statement is that it seeks to establish that the Jefferson County Sheriff's Department utilizes improper or inadequate training techniques by extrapolating from a single instance of allegedly unconstitutional use of force. This inductive technique is not a proper manner of defeating defendant's motion for summary judgment. *McKee v. City of Rockwall,* 877 F.2d 409, 415–16 (5th Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 727, 107 L.Ed.2d 746 (1990).[4]

### III. Recommendation

Defendant Jefferson County's motion for summary judgment should be granted.

### IV. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodri-*

*guez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

SIGNED this 17 day of October, 1995.

---

4. The court notes that the Fifth Circuit recently reaffirmed that a policy of improper or insufficient training by a law enforcement division may be established only by pointing to multiple instances of injury or to facts showing that serious incompetence was widespread throughout the department. *Brown,* 53 F.3d at 1424–25.