**Edward H. KUHNERT**

v.

**Colonel Paul W. FONTENOT.**

**Civil Action No. 95–38.**

United States District Court,
M.D. Louisiana.

March 4, 1996.

Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, LA, for plaintiff.

Scott R. Bickford, Martzell, Thomas & Bickford, New Orleans, LA, Marcia Suzanne Montero, John R. Martzell, Martzell & Bickford, New Orleans, LA, for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS

POLOZOLA, District Judge.

This matter is before the Court on a motion to dismiss filed by the defendant, Colonel Paul W. Fontenot. Colonel Fontenot contends he is entitled to qualified immunity against the plaintiff's claim under 42 U.S.C. § 1983. However, the plaintiff's claim that he has been denied procedural due process is now moot. Therefore, without reaching the merits of the defendant's motion, the Court dismisses this claim *supa sponte*. To the extent the complaint can also be read as alleging the plaintiff has been denied the equal protection of the laws, the Court dismisses that claim *sua sponte* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTS AND PROCEDURAL HISTORY

This suit arises from a personnel dispute within the Department of Public Safety and Corrections, Office of State Police. The plaintiff, Edward H. Kuhnert, is an officer with the State Police. He was notified in May, 1993, that for various disciplinary reasons, he was being demoted from the rank of Captain to that of Lieutenant. The demotion carried with it a corresponding reduction in salary. The letter informing the plaintiff of his demotion was signed by Colonel Fontenot, who was head of the Louisiana State Police and a Deputy Secretary in the same office. Attached to the letter was a summary of an Internal Affairs investigation of the plaintiff.

The plaintiff timely filed an appeal with the State Police Commission (the "Commission"). The plaintiff's argument on appeal was three-fold: (1) he denied the allegations which supposedly justified his demotion; (2) he argued that the demotion letter and accompanying investigation summary did not satisfy State Police Commission Rule 12.3, which requires that a person being demoted be furnished with written detailed reasons for the disciplinary action; and (3) he argued that portions of the investigation summary would be inadmissible as evidence at a hearing on the merits, and that by making the entire summary part of the record, the defendant was improperly trying to inflame the Commission.

In April, 1994, the plaintiff filed a motion for summary disposition with the Commission, based on his allegation that Rule 12.3 had not been complied with. In a decision dated June 21, 1994, the Commission granted the motion with respect to all but two of the charges leveled against the plaintiff. A hearing on the merits of the remaining two charges was held in November, 1994. Subsequently, on January 20, 1995, the Commission reversed the demotion and reinstated the plaintiff to his former rank, awarded the plaintiff his lost salary plus $2,500 in attorney fees, and ordered the defendant to remove all references to the demotion from the

plaintiff's personnel file.[1]

On January 13, 1995, one week prior to the Commission's decision on the merits of the remaining two charges, the plaintiff filed this action under 42 U.S.C. § 1983 in this Court. In his complaint, he alleges the defendant improperly sought to influence the pending decision on the remaining two charges, and thereby denied the plaintiff his constitutional right to procedural due process. Specifically, he alleges the defendant improperly communicated *ex parte* with Commission members, and improperly attached the entire investigative summary to the letter of demotion. One week after the complaint was filed, the Commission rendered its decision reinstating the plaintiff and awarding him his lost salary.

On January 23, 1995, Magistrate Judge Christine Noland issued an order setting a scheduling conference for April 20, and requiring the parties to file a joint status report no later than April 18. In this status report, the defendant raised the issue whether he was entitled to qualified immunity from a section 1983 suit. This issue was raised again during the April 20 scheduling conference. Later that same day, Magistrate Judge Noland signed a scheduling order granting the defendant until May 12 (later extended to May 19) to file a motion for summary judgment based on his qualified immunity. Subsequently, the defendant filed a Rule 12(b)(6) motion to dismiss. That motion alleges multiple grounds for dismissal, though the supporting memorandum only discusses the qualified immunity issue. The plaintiff timely opposed the motion. The matter is now before this Court for decision.

## THE ELEVENTH AMENDMENT

■ Prior to reaching the merits of the motion, consideration of several threshold issues is appropriate, since their resolution may dispose of this case entirely and obviate the need to consider the qualified immunity issue. First, it must be noted that the relat-ed questions of whether the defendant is a "person" within the meaning of section 1983, and whether the Eleventh Amendment precludes this suit from being entertained in federal court, depend on the capacity in which the defendant is sued, not on the capacity in which he was acting at the time of the complained-of conduct.[2] Because the complaint expressly states that the defendant is being sued in his individual capacity,[3] the defendant is a section 1983 "person" and this suit is not barred by the Eleventh Amendment.

## MOOTNESS

### A. The Procedural Due Process Claim

■ The second threshold issue is whether this suit has been mooted by the Commission's January 20 decision. That decision, rendered on the merits of the dispute one week after this suit was commenced, reinstated the plaintiff to his former rank and awarded him his lost wages attributable to the improper demotion. It therefore appears the plaintiff has been fully vindicated, and this suit thereby mooted, unless the plaintiff seeks to recover for a wrong different from that already remedied by the Commission. Hence, it becomes necessary to compare the two proceedings.

The wrong the plaintiff now seeks to remedy is the infringement of his right to a fair and impartial hearing before the Commission. The wrong he sought to remedy before the Commission was his wrongful demotion. At first glance, it may appear that the two proceedings are unrelated, and that this lawsuit cannot now be mooted by the Commission's January 20 decision. Such a conclusion is incorrect. While a fair and impartial hearing is unquestionably a distinct right unto itself, it is also a procedural means to a substantive end. In this particular case, the substantive end was a resolution of the dispute regarding the plaintiff's demotion. The

---

1. The State Police appealed both the June 21, 1994 decision and the January 20, 1995 decision to the Louisiana First Circuit Court of Appeal. The State Police voluntarily dismissed both appeals in January, 1996.

2. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

3. Pl.'s Compl. at 1.

Commission ultimately resolved the dispute in the plaintiff's favor, negating any suggestion that the decision-making process was meaningfully tainted against him. Even assuming, as the plaintiff alleges, that the defendant intended to subvert the process, it is obvious that the plaintiff had an adequate remedy before the Commission, which ultimately ruled in his favor. Thus, the Court concludes there is no case or controversy within the meaning of Article III on this issue, and this claim must be dismissed as moot.

In his opposition to the motion now before this Court, the plaintiff addresses the possibility that his claims may be moot. He argues that the damage was done once the defendant attached the summary to the demotion letter and contacted the Commission members *ex parte*. He further argues that the January 20 Commission ruling is relevant only as to the issue of damages. In support of his argument, he directs this Court to the United States Supreme Court case of *Carey v. Piphus*.[4] In that case, two Chicago students, one in high school and the other in grade school, were summarily suspended from school for disciplinary reasons. The students filed separate section 1983 actions, which were consolidated for trial. The trial court held the students were suspended without procedural due process, a holding not challenged by the school authorities. Regarding the issue of damages, the Supreme Court held that even if the suspensions were justified, the students could nevertheless recover those mental and emotional distress damages caused by the denial of procedural due process. The Court also held that even if the students could not prove any actual damages, they were still entitled to nominal damages, due to the importance of procedural due process to organized society.

The plaintiff's reliance on *Carey* is misplaced. The plaintiff correctly points out that the Court in *Carey* held that compensatory damages might be awarded even though the suspensions were justified. But the Court in that case was not confronted with the preliminary issue whether there had ever been a denial of procedural due process; rather, because the school authorities did not challenge the trial court's ruling on that issue, the Supreme Court assumed there had been such a denial. In the present case, there has been no denial of procedural due process. Instead, the process worked exactly as intended. The Commission has given the plaintiff a full and fair hearing and has ruled in his favor.

## B. Other Claims

Successful maintenance of a section 1983 action requires a complainant to point to specific constitutional or statutory rights that have been violated. In this case, the complaint appears to be totally devoted to the denial-of-procedural-due-process argument.[5] However, at the end of the complaint, the plaintiff also alleges the defendant engaged in "discriminatory, illegal practices with malice or with reckless indifference to the federally protected rights of complainant."[6] This language was apparently included to bolster the plaintiff's claim for punitive damages and attorney fees; indeed, nearly identical language appears in the paragraph in which the plaintiff asks for punitive damages and attorney fees. Yet the language can also be read as alleging an infringement of a second constitutional right: the plaintiff's right to equal protection of the laws. If the plaintiff is in fact alleging an infringement of a second constitutional right, he does so in a conclusory manner only, and makes no attempt whatsoever to comply with *Morrison v. City of Baton Rouge*.[7] That case requires a section 1983 plaintiff to allege with particularity all material facts which establish his right to recovery, if the defendant is potentially immune.[8] Because this particular plaintiff has

---

4. 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

5. *See* Pl.'s Compl. at 5–6 (paragraphs 13–15).

6. Pl.'s Compl. at 6 (paragraph 17).

7. 761 F.2d 242 (5th Cir.1985).

8. *Morrison*, 761 F.2d at 244–45. *See also Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995) ("[T]he district court must insist that a plaintiff suing a public official under [section] 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone."); *Elliott v. Perez*, 751 F.2d 1472, 1473

failed to do that, to whatever extent his complaint might be construed as asserting an infringement of a second constitutional right, this Court dismisses that claim *sua sponte* pursuant to Rule 12(b)(6).[9]

■ Finally, the Court notes that in his memorandum in opposition to the pending motion, the plaintiff argues that his rights under State Police Commission Rules 12.3 and 13.19 have been violated. Rule 12.3 requires a person being demoted to be furnished with written detailed reasons for the demotion, and Rule 13.19 prohibits the Commission from receiving *ex parte* statements as evidence. The plaintiff alleges that his being denied these statutory rights establishes another basis for this section 1983 suit.[10] Whatever the merits of these allegations, they were not included in the plaintiff's pleadings, and therefore will not be considered by the Court. Furthermore, it appears almost certain these claims are inextricably bound up with the plaintiff's due process claim, and are therefore moot.

*C. Summary*

Because the Commission's January 20 decision mooted the plaintiff's claim that he was denied procedural due process, that claim is dismissed *sua sponte*. Dismissal of that one claim should suffice to dismiss the entire suit; however, to the extent the plaintiff alleges he was denied equal protection of the laws as a second basis for this section 1983 suit, that portion of the suit is dismissed *sua sponte* pursuant to Rule 12(b)(6). Finally, because the plaintiff did not allege in his complaint that his statutory rights under State Police Commission Rules 12.3 and 13.19 were denied, any such denials will not be considered as a third basis for this section 1983 suit.

The Court must note that it should not have been necessary for a federal court to be involved in this matter. Both the plaintiff and the defendant had adequate remedies before the Commission and the Louisiana courts. Indeed, the same issues raised in this suit could have been and should have been raised before the Commission and the Louisiana First Circuit Court of Appeal. The decision of the Commission is now final since the State Police has dismissed its appeals with the Louisiana First Circuit Court of Appeal. It is a waste of precious judicial resources to litigate the same issues in this Court when they have been decided by a state agency and state court which have been given the statutory authority to hear such a claim. There are no further issues to resolve in this case. Since there is no case or controversy remaining between the parties, this Court no longer has jurisdiction in this case.

Therefore:

IT IS ORDERED that the defendant's motion to dismiss be and it is hereby GRANTED.

Judgment shall be entered dismissing this suit with prejudice.

---

(5th Cir.1985) ("In cases against governmental officials involving the likely defense of immunity we require of trial judges that they demand that the plaintiff's complaint state with factual detail and particularity ... why the defendant-official cannot successfully maintain the defense of immunity.").

**9.** It is within the inherent powers of this Court to invoke Rule 12(b)(6) and dismiss a claim, with or without notice to the parties. *See Boudwin v. Graystone Ins. Co.,* 756 F.2d 399 (5th Cir.1985); *Shawnee Int'l, N.V. v. Hondo Drilling Co.,* 742 F.2d 234 (5th Cir.1984).

**10.** The same argument was made by the plaintiff in a memorandum he filed in opposition to an earlier protective order sought by the defendant.