NO. 12-02-00239-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



F. DONALD HAYGOOD, M.D., P.A.,
§
 APPEAL FROM THE 115TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


RANDY CHANDLER, REX A. NICHOLS, JR.,

ANDREW G. KHOURY, KAREN BISHOP,

NICHOLS & NICHOLS, P.C., AND
§
 UPSHUR COUNTY, TEXAS

BISHOP & BISHOP, P.C.,

APPELLEES





MEMORANDUM OPINION


 F. Donald Haygood, M.D., P.A. (the "Association") appeals a take-nothing verdict in favor
of Randy Chandler ("Chandler") (1) and also appeals the grant of summary judgment in favor of Rex
A. Nichols, Jr. ("Nichols"), Andrew G. Khoury ("Khoury"), Karen Bishop ("Bishop"), Nichols &
Nichols, P.C. (the "Nichols firm"), and Bishop & Bishop, P.C. (the "Bishop firm"). We affirm.


Background

 In December 1996, Chandler sued Dr. Haygood, the Association (2), Coastal Emergency
Services, and Gilmer Medical Center, alleging that Dr. Haygood was negligent when he failed to
properly treat an injury to Chandler's finger. Nichols and Khoury of the Nichols firm and Bishop
of the Bishop firm represented Chandler in the suit. In January of 1999, the case went to trial and
the trial court entered a directed verdict in favor of Dr. Haygood, the Association, and Coastal
Emergency Services. (3)

 On March 14, 2000, the Association filed suit against Chandler, Nichols, Khoury, Bishop,
the Nichols firm, and the Bishop firm, alleging malicious prosecution and intentional infliction of
emotional distress causes of action. The Association also sought both compensatory and punitive
damages. Bishop and the Bishop firm filed their answer on April 3, 2000; Chandler filed his answer
on April 14, 2000; and Nichols, Khoury, and the Nichols firm filed their answer on April 20, 2000.

 On May 7, 2001, the Association filed a "Motion to Compel Response to Request for
Production and for Imposition of Sanctions Against Defendant, Nichols & Nichols, P.C." The
Nichols firm filed a response to the motion on May 29, 2001. On July 3, 2001, the trial court ordered
that the Nichols firm submit an adequate response to the Association's requests for production within
seven days. That same day, the trial court signed an order disposing of various discovery motions,
including the Association's motion to compel. In the order denying the motion to compel, the trial
court stated that the basis for the Association's motion to compel was that it sought detailed financial
data from the Nichols firm, but ruled the financial data was entitled to protection from disclosure.
However, the trial court also ordered the Nichols firm to provide the Association with a "statement
of current net worth" on or before forty-five days prior to the trial of the case. 

 On October 26, 2001, Appellees filed a traditional motion for summary judgment (4),
contending that 1) the summary judgment proof conclusively established that the Association
sustained no special injury and therefore cannot recover for malicious prosecution, 2) the intentional
infliction of emotional distress claim must fail because a) the Association is incapable of sustaining
emotional distress, b) Appellees' conduct was privileged as a matter of law, as the exercise of a legal
right to bring suit, c) Appellees' conduct was not extreme and outrageous as a matter of law, and d)
even if the Association sustained any distress, it was not sufficiently severe to authorize recovery as
a matter of law. In that same motion, Appellees also filed a no-evidence motion for summary
judgment, contending that 1) there was no evidence of any special injury in order for the Association
to recover on its malicious prosecution claim, and 2) there was no evidence of reckless conduct or
extreme and outrageous conduct to satisfy the intentional infliction of emotional distress claim.

 On November 13, 2001, the Association filed a "Second Motion for Sanctions, Motion to
Compel Compliance With Court Orders, and Motion for Default Judgment Against Defendant,
Nichols & Nichols, P.C.", and also filed motions to compel responses to requests for production and
for the imposition of sanctions against Nichols, Khoury, Bishop, and the Bishop firm. The trial court
never ruled on these motions.

 On June 27, 2002, the trial court signed an order granting summary judgment in favor of
Nichols, Khoury, Bishop, the Nichols Firm, and the Bishop firm and ordered that the Association
take nothing with regard to those defendants. The order also granted summary judgment in favor
of Chandler on the Association's intentional infliction of emotional distress claim, but denied
summary judgment on the malicious prosecution claim. Therefore, the only live claim remaining
was the Association's malicious prosecution cause of action against Chandler.

 On or about July 8, the Association's malicious prosecution case went to trial. On July 10,
the jury returned its verdict and found that Chandler's conduct constituted malicious prosecution. 
The jury also found that the Association was entitled to $10,000.00 in punitive damages; however,
the jury found that the Association was not entitled to any actual damages. 

 On July 23, Chandler filed a "Motion for Take-Nothing Judgment in Disregard of Jury
Findings", contending that the $10,000.00 award of punitive damages must be set aside because the
jury did not award any actual damages. The Association filed a response to the motion on July 30. 
That same day, the trial court signed a take-nothing judgment in favor of Chandler, ordering that the
Association take nothing from the suit against Chandler. 

 The Association filed a notice of appeal on August 26. On appeal, the Association raises five
issues, arguing 1) a meritorious defendant is not limited to seeking sanctions under rule 13 of the
Texas Rules of Civil Procedure against a plaintiff in previous litigation and may assert a cause of
action against that plaintiff for malicious prosecution, 2) the trial court erred in granting summary
judgment in favor of Nichols, Khoury, the Nichols firm, Bishop, and the Bishop firm, 3) the trial
court erred in granting summary judgment to Chandler on the Association's intentional infliction of
emotional distress claim, 4) the trial court erred in granting a take-nothing judgment in favor of
Chandler, and 5) the trial court erred in refusing to hear and grant the Association's motions to
compel Nichols, Khoury, the Nichols firm, Bishop, and the Bishop firm to produce documents in
response to requests for production.


Review of the Trial Court's Grant of Summary Judgment

 In his first through third issues, the Association contends that the trial court erred in granting
summary judgment in favor of Nichols, Khoury, the Nichols firm, Bishop, and the Bishop firm on
all of the Association's causes of action. (5) The Association also argues that the trial court erred in
granting summary judgment in favor of Chandler with respect to its intentional infliction of
emotional distress claim. 

Standard of Review

 In reviewing a traditional motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985), which
are:

 1. The movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law;


 2. In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true;


 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor.


See Nixon, 690 S.W.2d at 548-49. For a party to prevail on a motion for summary judgment, he
must conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at
least one essential element of the non-movant's cause of action, or prove all essential elements of an
affirmative defense. See Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex.1995); see also MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.1986). Since the burden of proof
is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved
against the movant, we must view the evidence and its reasonable inferences in the light most
favorable to the non-movant. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply
Co., 391 S.W.2d 41, 47 (Tex.1965). We are not required to ascertain the credibility of affiants or
to determine the weight of evidence in the affidavits, depositions, exhibits and other summary
judgment proof. See Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952). The only question
is whether or not an issue of material fact is presented. See Tex. R. Civ. P. 166a(c).

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678-79 (Tex.1979). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c). 

 A no-evidence motion is properly granted if the non-movant fails to bring forth more than
a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element
of the non-movant's claim on which the non-movant would have the burden of proof at trial. See
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997); see also Tex. R.
Civ. P. 166a(i). If the evidence supporting a finding rises to a level that would enable reasonable,
fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. See
Havner, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is so weak
as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there
is no evidence. See Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983).

 On appeal, we will uphold a no-evidence summary judgment only if the summary judgment
record reveals no evidence of the challenged element, i.e., (a) there is a complete absence of evidence
as to the challenged element; (b) the evidence offered to prove the challenged element is no more
than a mere scintilla; (c) the evidence establishes conclusively the opposite of the challenged
element; or (d) the court is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove the challenged element. See Taylor-Made Hose, Inc. v. Wilkerson, 21
S.W.3d 484, 488 (Tex. App.-San Antonio 2000, pet. denied) (citing Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L. Rev. 361, 362-63 (1960)). 

Malicious Prosecution

 Malicious prosecution causes of action, whether based on prior civil or criminal cases, are
not favored under the law. Luce v. Interstate Adjusters, Inc., 26 S.W.3d 561, 565 (Tex. App.-
Dallas 2000, no pet.). Public policy disfavors actions that burden or discourage persons from
pursuing and resolving their disputes in court. Id. Nevertheless, under Texas law, claims for
malicious prosecution have the following elements: 

 
1) the institution or continuation of civil proceedings against the plaintiff; 


 2) by or at the insistence of the defendant; 


 3) malice in the commencement of the proceeding; 


 4) lack of probable cause for the proceeding; 


 5) termination of the proceeding in plaintiff's favor; and 


 6) special damages resulting from some physical interference with a party's person or property 

 in the form of an arrest, attachment, injunction, or sequestration. 



Tex. Beef Cattle Co. v. Green, 921 S.W.2d 203, 207-09 (Tex.1996). With regard to special damages
or special injury, it is insufficient that a party has suffered the ordinary losses incident to defending
a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees. Id. at 209. 
The mere filing of a lawsuit cannot satisfy the special injury requirement. Id. There must be some
physical interference with a party's person or property in the form of an arrest, attachment,
injunction, or sequestration. Id. But once the special injury hurdle has been cleared, that injury
serves as a threshold for recovery of the full range of damages incurred as a result of the malicious
litigation. Id. The Green court also noted that 


 Texas law has long recognized that everyone is liable to be harassed and injured in his property and
feelings by unfounded suits, but that this is not an injury for which the one sued can have legal redress,
except to visit the costs upon the party suing, unless there is the wrongful suing out of some process
by which property is seized and damage sustained.


Id. (citing Louis v. Blalock, 543 S.W.2d 715, 718-19 (Tex. Civ. App.- Amarillo 1976, writ ref'd
n.r.e.)). 

 In its motion for summary judgment, Nichols, Khoury, the Nichols firm, Bishop, and the
Bishop firm argued that they were entitled to summary judgment as a matter of law because the
Association did not sustain any special damages. In response, the Association attached 1) one page
from Chandler's medical records, compiled the day Dr. Haygood treated Chandler, and 2) Chandler's 
responses to the Association's requests for admissions. The Association also argued that Appellees'
contentions were incorrect and that his claims "would be substantiated by testimony before a jury." 
 After a thorough review of the record and indulging every reasonable inference in favor of
the Association, we hold that the Association has failed to raise a genuine issue of material fact on
its malicious prosecution claim against Nichols, Khoury, the Nichols firm, Bishop, and the Bishop
firm. The only evidence of any damages sustained by the Association arising out of the earlier
litigation are lost fees, increased malpractice insurance costs, lost employment contracts,
embarrassment, and mental anguish. Dr. Haygood testified at his deposition that 1) the Association
had no basis for a claim that Appellees interfered with his person and/or the property of the
Association, 2) he was not arrested or detained, and 3) no property of the Association was in
receivership or had been the target of an injunction. This testimony negates any claim that the
Association sustained any special injury as a result of the previous litigation. Furthermore, the
record is devoid of any proof of malice or lack of probable cause in filing the previous lawsuit that
is necessary to raise a fact issue on the Association's malicious prosecution cause of action. 
Therefore, the trial court was correct in granting both the traditional and no-evidence summary
judgments on the Association's cause of action for malicious prosecution against Nichols, Khoury,
the Nichols firm, Bishop, and the Bishop firm. 

 The instant case is much akin to that of Butler v. Morgan, 590 S.W.2d 543 (Tex. Civ. App.-
Houston [1st Dist.] 1979, writ ref'd), where Dr. Butler appealed the trial court's dismissal of a
lawsuit for malicious prosecution that Dr. Butler had filed against Morgan, a previous patient who
had unsuccessfully prosecuted a medical malpractice case against Dr. Butler. Butler, 590 S.W.2d
at 544. The damages Dr. Butler had alleged in his suit for malicious prosecution were "injur[ies]
to his personal and professional reputation as a surgeon and physician, personal humiliation, mental
anguish and distress." Id. He also alleged that he had been forced to neglect his professional
practice and that his malpractice insurance had been cancelled as a result of the malpractice suit, and
that his insurance premiums had increased. Id. at 544-45. 

 In affirming the dismissal of Dr. Butler's lawsuit, the court noted that "[t]he mere filing of
a civil suit resulting in damage to the defendant is not such an interference with the person or
property of the defendant in the suit as will support an action for malicious prosecution." Id. at 545. 
The court held that Dr. Butler had not "allege[d] damage 'conforming to legal standards under Texas
law'" because he did not suffer some interference, by reason of the suit, with his person or property;
therefore, his cause of action for malicious prosecution could not stand. Id.

 Much like Dr. Butler, the Association did not raise a genuine issue of material fact on its
malicious prosecution claim because Dr. Haygood's own testimony demonstrates that the
Association's property did not suffer any special injury. The Association's second issue, as it relates
to malicious prosecution, is overruled.

Intentional Infliction of Emotional Distress 

 The Association contends that the trial court erred in granting summary judgment to all
Appellees on its claims for intentional infliction of emotional distress. Appellees argue that the trial
court correctly granted summary judgment on the intentional infliction of emotional distress claim
because the Association, as a fictional entity, is not capable of sustaining emotional distress. We
agree.

 A professional association allows "any one or more persons duly licensed to practice a
profession" to associate themselves for the purpose of performing professional services instead of
forming a corporation or partnership. Tex. Rev. Civ. Stat. Ann. art. 1528f, § 2(A) (Vernon 2003). 
The Texas Business Corporation Act applies to professional associations, except to the extent that
the Texas Business Corporation Act conflicts with the enabling statute for professional associations. 
Tex. Rev. Civ. Stat. Ann. art. 1528f, § 25. Intentional infliction of emotional distress occurs when
1) a person acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the
person's actions caused another person's emotional distress, and 4) the emotional distress suffered
by the other person was severe. Bradford v. Vento, 48 S.W.3d 749, 758 (Tex. 2001) (emphasis
added). Emotional distress includes painful emotions and mental reactions, such as embarrassment,
fright, horror, grief, shame, humiliation, and worry. GTE Southwest, Inc. v. Bruce, 998 S.W.2d
605, 618 (Tex. 1999). Severe emotional distress is emotional distress that no reasonable person
could expect to endure. Id.

 The instant case was brought by Dr. Haygood's professional association, not Dr. Haygood
in his individual capacity. Therefore, the trial court correctly granted summary judgment to all
Appellees on the Association's claims for intentional infliction of emotional distress because there
is no feasible way a professional association, corporation, or partnership can experience mental
suffering as a matter of law. See Huddleston v. Pace, 790 S.W.2d 47, 52 (Tex. App.- San Antonio
1990, writ denied) (reversing award of mental anguish damages to a corporation because a
corporation is not capable of emotional responses). Accordingly, the Association's second and third
issues are overruled.

Review of Take-Nothing Judgment 

 In its fourth issue, the Association argues that the trial court erred in granting Chandler's
"Motion for Take-Nothing Judgment in Disregard of Certain Jury Findings" because 1) the
instructions included in the charge on awarding punitive damages were deficient, and 2) the court's
answer to a question propounded by the jury after it began deliberations was improper.

Charge Instruction on Punitive Damages

 The jury found that Chandler's lawsuit against the Association constituted malicious
prosecution and that it was entitled to exemplary damages. However, the jury did not award the
Association any actual damages; instead, it awarded the Association $10,000.00 in exemplary
damages. Chandler moved for a take-nothing judgment on the basis that in the absence of actual
damages, there can be no recovery for punitive damages as a matter of law. The trial court agreed
and ordered that the Association take nothing from its suit.

 On appeal, the Association argues that the jury instructions included in the charge were
defective because it did not inform the jury that it could award punitive damages only if it awarded
actual damages. Specifically, the charge instructed the jury that exemplary damages means "an
amount that you may in your discretion award as an example to others and as a penalty or by way
of punishment, in addition to any amount that you may have found as actual damages." The charge
further instructed the jury as follows: 


 For purposes of punitive damages, you are instructed that the plaintiff is not entitled to
punitive damages unless:

 

 1. Viewed objectively from the standpoint of the actor, the act or omission must involved [sic]
an extreme degree of risk, considering the probability and magnitude of the potential harm
to others, and


 2. The actor must have actual, subjective awareness of the risk involved, but nevertheless
proceed in conscious indifference to the rights, safety, or welfare of others.



The charge did not condition the award of punitive damages on an award of actual damages. 

 A party objecting to the charge must point out distinctly the objectionable matter and the
grounds for the objection. Tex. R. Civ. P. 274. Any complaint as to a question, definition, or
instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically
included in the objections. Id.; see also Tex. R. Civ. P. 272; Tex. R. App. P. 33.1(a). Any alleged
error in the charge at issue was waived because the Association failed to object to the omission or
request that the instruction be included in the charge and receive a ruling on any objection or request
from the court. See Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 304 (Tex. App.-Houston [14th
Dist.]1995, no writ) (failure to object to omissions from the charge estops a party from complaining
on appeal). 

 Even if the Association had not waived this issue, its argument still fails. The Texas Civil
Practice and Remedies Code governs the application of exemplary damages to a cause of action,
except for causes of action pursuant to other statutes that are specifically exempted therein. Tex.
Civ. Prac. & Rem. Code Ann. § 41.002 (Vernon Supp. 2003). Exemplary damages may be
awarded only if damages other than nominal damages are awarded. Tex. Civ. Prac. & Rem. Code
Ann. § 41.004(a). Even if only nominal damages are awarded, a claimant may recover exemplary
damages if the claimant establishes by clear and convincing evidence that the harm suffered results
from malice. Tex. Civ. Prac. & Rem. Code Ann. § 41.004(b). It is also well-settled at common
law that the recovery of actual damages is a prerequisite to receiving exemplary damages. Nabours
v. Longview Savings & Loan Ass'n, 700 S.W.2d 901, 903 (Tex. 1985). Exemplary damages must
be contingent on a finding of actual damage because actual damage is a necessary element of the
underlying tort upon which the exemplary damages are to be based. Id. at 904.

 As a matter of law, the Association's argument cannot pass muster because the jury failed
to award any actual damages; therefore, it was not entitled to punitive damages, even absent waiver
of the issue. The Association's fourth issue, as it relates to any error in the charge, is overruled.

Trial Court's Response to Jury Question

 The Association also complains that the trial court erred when it "misled the jury and gave
the jury improper instructions" in a response to a question from the jury after it had begun
deliberations. The jurors asked the trial court in writing, "If one member voted no on question #1,
can he continue to vote on the other questions, example - questions 2, 3, 4, 5, and 6." The trial court
responded in writing, "Each juror can vote on each question being considered." 

 The Association contends that the trial court's answer to the jury's question was error
because the instructions in the charge "clearly state that if a juror answers "NO" to question No. 1
(finding Randy Chandler guilty of malicious prosecution) 'then do not answer the remaining
questions.'" Therefore, the Association argues, the court misled jurors into believing that they could
award punitive damages even if the individual juror voted against the finding of malicious
prosecution. We disagree.

 Because the Association failed to object to the trial court's response to the jury's question, 

it has waived any argument it may have about the response. Tex. R. Civ. P. 272; Tex. R. App. P.
33.1(a); see also George Pharis Chevrolet, Inc. v. Polk, 661 S.W.2d 314, 317-18 (Tex. App.-
Houston [1st Dist.] 1983, no writ) (failure to object to court's further communications and
instructions to jury constituted waiver). 

 Even if the Association had not waived the issue, its argument would still fail. Rule 286 of
the Texas Rules of Civil Procedure allows the jury to request further instructions from the court and
for the court to communicate those instructions "in conformity with the rules relating to the charge." 
Tex. R. Civ. P. 286. When reaching a verdict, the same ten members of a jury of twelve must give
the same answers to each question. Tex. R. Civ. P. 292. 

 Subsumed within the Association's argument is the assumption that a juror who cast a vote
against the finding of malicious prosecution later changed his mind and voted for an award of
punitive damages. We agree that such a scenario could possibly constitute juror misconduct because
in such an instance, the same ten jurors would not have given the same answers to each question. 
However, in the instant case, there is no evidence of any misconduct. According to the charge
received by the court, the same ten jurors voted the same way on each question. Two jurors did not
agree with the other ten, and the two dissenters apparently "vote[d] on each question being
considered." The supplemental instruction was correct and in conformity with the rules relating to
the charge. See Tex. R. Civ. P. 286. The Association's fourth issue is overruled.


Review of Discovery Rulings

 In its fifth and final issue, the Association maintains that the trial court erred by refusing to
hear and grant its motions to compel Nichols, Khoury, the Nichols firm, Bishop, and the Bishop firm
to produce documents in response to its requests for production. We employ an abuse of discretion
standard to review a trial court's discovery rulings. General Tire, Inc. v. Kepple, 970 S.W.2d 520,
526 (Tex. 1998). 

 We must first note that in order to present an issue for appellate review, the record must show
that a complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App.
P. 33.1(a)(1). The request, objection, or motion must state the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the trial court aware
of the complaint. Tex. R. App. P. 33.1(a)(1)(A). The trial court must have ruled on the request,
objection, or motion, either expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). If the trial court
refused to rule, the complaining party must have objected to the refusal. Tex. R. App. P.
33.1(a)(2)(B).

 The Association failed to preserve any error regarding the trial court's discovery rulings or
failure to rule because it did not object to the trial court's failure to rule on its discovery motions;
therefore, this issue is waived. Accordingly, the Association's fifth issue is overruled.


Conclusion

 The trial court did not err in granting summary judgment to Nichols, Khoury, the Nichols
firm, Bishop, and the Bishop firm on the Association's malicious prosecution claim because the
record contained no evidence that the Association suffered any special injury necessary to sustain
such a claim. Likewise, no error was committed when the trial court granted summary judgment to
all Appellees on the Association's intentional infliction of emotional distress because as a fictional
entity, a professional association is incapable of suffering emotional distress. The Association did
not properly preserve error on the remaining issues; therefore, the issues regarding the trial court's
take-nothing judgment and failure to rule on outstanding discovery motions are waived.

 Having found no error requiring reversal, the trial court's judgment is affirmed.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered October 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
















(PUBLISH)



1. The Association also appeals the grant of summary judgment in favor of Chandler with respect to its claim
for intentional infliction of emotional distress.
2. Dr. Haygood is the president of the Association, which employs Dr. Haygood, a secretary, and a person
who takes calls from other doctors' offices for surgical assistance.
3. Gilmer Medical Center settled out of court with Chandler before the case went to trial.
4. Tex. R. Civ. P. 166a(c).
5. The Association also argues that the trial court erred when it stated at arguments during the summary
judgment hearing that "Rule 13 sanctions is the appropriate remedy" in lieu of a lawsuit for malicious prosecution
when a defendant prevails in a previous lawsuit. This utterance by the trial court was not promulgated as a basis for
summary judgment by any of Appellees or as a basis for the trial court's grant of summary judgment. When we
review the grant of summary judgment, issues not expressly presented to the trial court in the written summary
judgment motion, answer, or other response cannot be considered on appeal as grounds for reversal. City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 677 (Tex. 1979); Tex. R. Civ. P. 166a(c)(ii). We are
constrained to look only to the order granting summary judgment to determine the trial court's reasons for ruling. 
Strather v. Dolgencorp of Texas, Inc., 96 S.W.3d 420, 426 (Tex. App.-Texarkana 2002, no pet.). Therefore, we
will only consider the reasons set forth in Appellees' motion for summary judgment in our review of this case.